Argued and submitted February 1,
affirmed as modified March 31, 1980

In the Matter of the Marriage of
SALTER,
*Appellant,*
*and*
SALTER,
*Respondent.*

(No. D13-400, CA 15299)

609 P2d 374

Francis E. Harrington, Portland, argued the cause for appellant. With him on the brief was Harrington, Anderson & DeBlasio, Portland.

John B. Lewis, Forest Grove, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

The wife appeals from a decree of dissolution which awarded custody of both children to husband and which provided that the judgment awarded wife representing her one-half equity in the house awarded to husband need not be paid until 1995.

The parties were married 11 years. Two children were born to the marriage: Rochelle, age 9, and Christopher, age 2. During the marriage, husband worked as a teacher and coach, earning approximately $20,000 per year. Wife did not work until approximately a year prior to the filing of the petition for dissolution in September, 1978, at which time she took a position as a bank teller, netting approximately $500 per month. She has a high school education but no readily marketable skills or training. At the time of the hearing, wife had $500 in her account. In March, 1979, she moved out of the family home to an apartment, taking Chris with her, but allowing extensive visitation.

In sum, the evidence showed that both parents were fit to take custody of and had good relationships with the children and does not require detailed recounting here. The wife testified, however, that Rochelle seemed to be closer to her father and that, when the two parents were together, Rochelle would not respond to wife's attempts to discipline her. For this reason, the wife did not request custody of Rochelle. In awarding the husband custody of both children, the trial judge relied heavily on the custody investigation report prepared by Mr. Munter of the Children's Services Division (CSD). After spending time with each parent in the company of the children, Munter recommended that both children remain with the husband in the family home, based in part on his feeling that the wife was less able to cope with the crises of parenting than the husband.

The trial judge awarded wife $200 per month spousal support for a year, certain furnishings and antiques,

and a judgment for $27,526 at 6 percent compounded annual interest payable by July, 1995 (when the youngest child reaches 18), representing the wife's one-half equity in the house. An initial payment of $5,000 was to be made by July, 1982.

In awarding custody of children in a divorce proceeding, the interests of the children are paramount. In the past, we have indicated that custody of children should not be split absent some compelling reason for doing so. *Underwood and Underwood,* 38 Or App 213, 589 P2d 1172 (1979). We agree with the trial court, which had the opportunity to hear the evidence firsthand, that no such compelling reason is apparent in this case.

The wife argues that the manner in which the judgment is to be paid substantially dilutes its value to her. She points out that the $5,000 payment due in 1982 does not cover the interest which will accrue on the judgment by that time. She further argues that the 6 percent interest rate is prejudicially low given the current rate of inflation.

The judgment is clearly an attempt by the trial court to assure that the family residence will be available to the husband for raising the children. While this is a worthy objective, its effect in this case is to deprive the wife of financial resources she will require if she is to develop marketable skills through education and on-the-job training. Under these circumstances, we believe postponement of enjoyment of the judgment until 1995 is inequitable.[1] *Lambe and Lambe,* 39 Or App 843, 593 P2d 1284, *rev den* 287 Or 45 (1979).

Accordingly, the decree is modified as follows:

1) The amount of the judgment, $27,526, is affirmed but with simple interest to accrue at the rate of 9 percent per annum;

---

[1] At trial the wife testified that she thought seven years was an appropriate length of time in which to pay off the judgment. In his brief, the husband asked that, if we decided to modify this aspect of the decree, he be allowed at least the seven-year period proposed by wife.

2) Payments of not less than $250 per month including both principal and interest at 9 percent per annum on the unpaid balance shall be made beginning July 5, 1980, and due and payable on the fifth day of each month thereafter, to run until the house is sold or July 5, 1990, whichever date is earlier, at which time the balance shall be due;

3) The required July, 1982, payment is deleted.

4) In all other respects, the judgment is affirmed.

Affirmed as modified. No costs to either party.