788 P.2d 1252

**In re the Marriage of Richard Allen HARDIN, Petitioner–Appellant,**

v.

**Patricia HARDIN, Respondent–Appellee.**

**No. 1 CA–CV 88–586.**

Court of Appeals of Arizona, Division 1, Department B.

March 1, 1990.

Bruce Yancey, Yuma, for petitioner-appellant.

Community Legal Services by Michael Figgins, Yuma, for respondent-appellee.

VOSS, Presiding Judge.

Appellant raises two issues for our review. First, whether the trial court abused its discretion in awarding spousal maintenance to appellee; and second, whether the trial court failed to make an equitable division of the community estate in awarding appellant a judgment enforceable by a "non-specific" lien on the family residence awarded the appellee. We affirm the trial court's award of spousal maintenance, but reverse and remand with respect to the division of the community estate.

## Background

Appellant and appellee were married February 17, 1985. During the course of the marriage, the parties purchased a family residence in Yuma, Arizona. On October 20, 1987, appellant filed a petition for dissolution in Yuma County. The matter was tried to the court and an order setting forth the court's ruling was filed September 14, 1988. Appellant's motion to reconsider was denied. A decree of dissolution was filed December 9, 1988. Appellant appeals from both the denial of his motion for reconsideration and the underlying judgment.

## Spousal Maintenance

The trial court awarded appellee $200 per month for thirty months for spousal maintenance. Appellant argues that the trial court abused its discretion in basing the award of spousal maintenance on appellant's failure to adequately help with family expenses prior to the dissolution. Appellant asserts that he paid a substantial portion of the family expenses and that therefore trial court's factual conclusion is incorrect.

■ The trial court's grant of spousal maintenance is governed under A.R.S. § 25–319.[1] An award of spousal maintenance is within the sound discretion of the trial court. *Battiste v. Battiste*, 135 Ariz. 470, 662 P.2d 145 (App.1983); *In re Marriage of Hinkston*, 133 Ariz. 592, 653 P.2d 49 (App.1982). Our review is limited to determining whether the trial court abused its discretion in awarding spousal maintenance. *In re Marriage of Berger*, 140 Ariz. 156, 680 P.2d 1217 (App.1983).

The trial court made the following findings in an order dated September 14, 1988:

6. The Respondent has requested that she receive spousal maintenance. The record shows that the Petitioner contributed no funds to pay community debts for a period of several months, except to pay some $345.00 on the home property.

7. The Respondent is in need of assistance. The Petitioner is capable of earning for [sic] in excess of what he is presently earning. The Respondent's need and station in life in which Petitioner placed her should require that the Petitioner pay to the Respondent the sum of $200.00 per month as and for spousal maintenance for a period of thirty months beginning October 1, 1988.

■ Appellant failed to provide this court with a transcript of the trial court proceedings. *See* Arizona Rules of Civil Appellate Procedure, Rule 11(b). The record in this appeal consists of the parties' briefs and a copy of the clerk's file. Without a transcript of the trial, we must assume that the evidence presented to the trial court was sufficient to support its

1. A.R.S. § 25–319 states in pertinent part:
A. In a proceeding for dissolution of marriage or legal separation ... the court may grant a maintenance order for either spouse for any of the following reasons if it finds that the spouse seeking maintenance:

1. Lacks sufficient property, including property apportioned to such spouse, to provide for his or her reasonable needs.
2. Is unable to support himself or herself through appropriate employment ... or lacks earning ability in the labor market adequate to support himself or herself.

findings. *Renner v. Kehl*, 150 Ariz. 94, 722 P.2d 262 (1986).

In awarding spousal maintenance it appears that the trial court found that appellant failed to contribute to the family finances for some period prior to dissolution. While this might be a proper consideration in dividing the community property, we believe it is an inappropriate basis upon which to award spousal maintenance. *See Buttram v. Buttram*, 122 Ariz. 581, 596 P.2d 719 (App.1979) (spousal maintenance does not encompass settlement of property issues). Were this finding relied on exclusively for the award, we would be inclined to reverse. However, in addition to this finding, the trial court stated other findings which we believe focus on issues properly concerning maintenance.

The trial court noted that the appellee was "in need of assistance." While this language is broad, we believe it is sufficient under either A.R.S. § 25–319(A)(1) or (2) as indicating an insufficient property base or inadequate labor skills with which appellee could support herself. The trial court also noted the parties' relative financial positions and appellee's present station in life as a result of this marriage. All of this is appropriate initially for determining the need for spousal maintenance. We again note that the trial court is given wide latitude in awarding spousal maintenance and we will not interfere unless a clear abuse is shown. *In re Marriage of Hinkston*, 133 Ariz. at 593, 653 P.2d at 50. We are unable to say, with the record before us, that the trial court clearly abused its discretion.

### Division of Community Property

In dividing the community property, the court awarded appellee the family home and appellant a lien thereon. The lien was set in an amount equal to one-half the net sale price of the family home or the sum of $17,500 whichever is less. The trial court's order did not provide a date upon which the

lien was to be paid, nor did it provide for interest.

Appellant argues that the trial court abused its discretion in dividing the community estate by awarding appellant the "non-specific" lien. Appellant contends that a lien which does not contain any provision as to when it may be realized fails as an equitable division of property under A.R.S. § 25–318.[2] We agree.

The trial court's division of community property need not be exact, but it must result in substantial equality. *Miller v. Miller*, 140 Ariz. 520, 683 P.2d 319 (App. 1984). "In exercising its discretion the court has to award a substantial equivalent to each spouse because an uneven distribution unconstitutionally deprives the spouse of a vested interest." 3 C.M. Smith & I. Cantor, *Arizona Marriage Dissolution Practice* § 323, at 360 (1988). Upon dissolution, community property is divided such that each party receives an immediate, present, and vested separate property interest. *Koelsch v. Koelsch*, 148 Ariz. 176, 713 P.2d 1234 (1986).

Our supreme court stated:

It is a "settled principle that one spouse cannot, by invoking a condition wholly within his control, defeat the community interest of the other spouse." *In re Marriage of Stenquist*, 21 Cal.3d 779, 786, 582 P.2d 96, 100, 148 Cal.Rptr. 9, 13 (1978). This principle has even stronger applicability when the property wholly within the control of another is the separate property of an ex-spouse. *See In re Marriage of Gillmore*, 29 Cal.3d 418, 423, 629 P.2d 1, 4, 174 Cal.Rptr. 493, 496 (1981).

*Id.* at 181, 713 P.2d at 1239. While *Koelsch* involved retirement benefits, we believe the logic of the quoted section is sound and applies herein.

The trial court intended to give the appellant a separate property interest equal to one-half the value of the family

---

2. A.R.S. § 25–318(A) states that the trial court "shall ... divide the community, joint tenancy, and other property held in common equitably, though not necessarily in kind...." A.R.S.

§ 25–318(C) allows the court to "impress a lien upon the ... property awarded to either party in order to secure the payment of any ... equity the other party has in or to such property...."

residence. To secure this interest the trial court awarded appellant a lien apparently payable upon sale of the property, the date of which was unspecified. The effect of the trial court's award was to give appellant an immediate separate property interest wholly within the control of appellee. Such an arrangement is not contemplated by A.R.S. § 25–318 and is denounced by *Koelsch.*

We note that other jurisdictions have declined to allow similar, even less egregious liens on judgments. In *Marriage of Salter*, 45 Or.App. 555, 609 P.2d 374 (1980), the Oregon Appellate Court held that an interest bearing judgment enforceable by a lien payable fifteen years after its inception was an inequitable distribution of community assets. That court modified the trial court's award to include monthly payments within a reasonable period after the dissolution and shortening the time in which the entire judgment was to be satisfied.

In *Chrane v. Chrane*, 98 N.M. 471, 649 P.2d 1384 (1982), the New Mexico Supreme Court held that a lien against the former family residence payable upon the sale of the house or the ex-spouse's remarriage or death was an inequitable distribution of the community estate. The court reasoned:

> The net effect of leaving the home to the wife until she remarries or dies or decides to sell it, is to divest the husband of his equity in the property. In fact, he may never live to receive any portion of that equity.

*Id.* at 472, 649 P.2d at 1385.

We hold that the trial court's failure to give form and substance to appellant's lien results in an unequal property distribution which is arbitrary, unreasonable, and a deprivation of appellant's vested property interest in the community. We therefore remand for proceedings consistent with our holding.

JACOBSON and KLEINSCHMIDT, JJ., concur.