160 P.3d 231

**In re the Marriage of Tamera A. CULLUM, Petitioner/Appellee,**

v.

**Michael A. CULLUM, Respondent/Appellant.**

**No. 1 CA–CV 06–0038.**

Court of Appeals of Arizona, Division 1, Department C.

June 19, 2007.

As Amended July 2, 2007.

Bellah & Harrian, PLLC By Julius Harms, Glendale, Attorneys for Appellee.

J. Douglas McVay, By J. Douglas McVay, Phoenix, Attorneys for Appellant.

## OPINION

KESSLER, Judge.

¶ 1 In this appeal, we must decide whether the superior court can use the Maricopa County Superior Court Spousal Maintenance Guidelines ("Guidelines") when awarding maintenance in a dissolution case. We hold that the court can apply the Guidelines, provided the factors the court relies on are consistent with Arizona Revised Statutes ("A.R.S.") section 25–319 (2007). The court did not err in using the Guidelines' factors consistently with A.R.S. section 25–319 and we affirm.[1]

**FACTUAL AND PROCEDURAL HISTORY**[2]

¶ 2 Michael A. Cullum ("Husband") and Tamera A. Cullum ("Wife") were married in 1987. Husband was in the military reserves for twenty-four years and did side jobs during the marriage. He will be eligible for military retirement in 2008.[3]

¶ 3 Wife worked full-time and went to school to obtain a bachelor's degree when the couple first married. Wife sometimes worked as a cosmetologist in the home to earn money. When the first of the parties' three children reached fifteen months, Wife stopped working to care for the child. She continued to stay at home to care for the three children, and provide child care for other children, until 2000 when she started part-time work as a teacher. Wife worked full-time in 2004. The couple bought a home during the marriage, owned two cars, and provided clothes, preschool, and recreational activities for the children.

¶ 4 Wife filed a petition for legal separation in 2004. She requested that the court award her the marital residence and spousal maintenance because she lacked earning ability in the labor market and could not adequately support herself. Husband filed a response to the petition and requested that the matter proceed as a dissolution action. The parties filed settlement agreements arising from resolution management conferences.

¶ 5 The court found that Wife's monthly expenses exceeded her monthly income and that she qualified for spousal maintenance pursuant to A.R.S. section 25–319(A)(1) and/or (2). After considering the relevant factors set forth in A.R.S. section 25–319(B), the court awarded Wife spousal maintenance of $500 per month for seventy-two months.

¶ 6 Husband timely filed a motion for a new trial or in the alternative a motion for reconsideration. The court denied Husband's motion for reconsideration, but or-

---

1. In a separate memorandum decision, filed simultaneously with this opinion, we affirm the superior court's denial of Husband's motion to continue the trial and the court's valuation of the parties' residence. Arizona Supreme Court Rule 111(h); Arizona Rule of Civil Appellate Procedure 28(g).

2. We limit our discussion here to those facts related to the spousal maintenance award.

3. The court ordered the equal division of the military benefits pursuant to a Qualified Domestic Relations Order.

dered Wife to respond to the motion for a new trial.

¶ 7 On November 28, 2005, the court: (1) denied Husband's motion for a new trial in an unsigned minute entry; (2) revised Husband's child support payments when Wife corrected her Parent Worksheet, signed the order and; (3) signed a revised decree dissolving the marriage. The clerk of the court filed the denial of the motion for a new trial on November 30, the changes in child support order on November 29, and the signed revised decree of dissolution of marriage on November 29. Husband timely appealed. This Court has jurisdiction pursuant to A.R.S. sections 12–120.21(A)(1) (2003) and – 2101(A) and (B) (2003).

## ANALYSIS

■ ¶ 8 Husband contends that the superior court erred in awarding Wife spousal maintenance. He also argues that the court did not consider the relevant factors for the amount and duration of spousal maintenance pursuant to A.R.S. section 25–319(B), but instead relied upon the Guidelines, and that he cannot afford the maintenance award.

■ ¶ 9 We review the superior court's award of spousal maintenance for an abuse of discretion. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 14, 972 P.2d 676, 681 (App.1998). We view the evidence in the light most favorable to the superior court order and will affirm the judgment if there is any reasonable evidence to support it. *Id.*

¶ 10 Husband contends that Wife was not entitled to spousal maintenance pursuant to A.R.S. section 25–319(A). He contends that in addition to her earning potential, Wife was awarded sufficient property to provide for her reasonable needs, including the marital home and a car.

¶ 11 We review the record to see if there is evidence supporting the court's holding that Wife qualifies for maintenance pursuant to A.R.S. section 25–319(A). *Gutierrez*, 193 Ariz. at 348, ¶ 15, 972 P.2d at 681. The statute provides that spousal maintenance may be awarded when any one of four factors is present. Id., 193 Ariz. at 348, ¶ 17, 972 P.2d at 681; *see* A.R.S. § 25–319(A).[4] Pursuant to A.R.S. section 25–319(A)(1), a court should not require a spouse seeking maintenance to "use up" her property when determining if she is eligible for maintenance but should consider the income potential of that property. *Deatherage v. Deatherage*, 140 Ariz. 317, 321, 681 P.2d 469, 473 (App.1984). We presume that evidence in the record supports the court's decision even if it is not specifically detailed in the minute entry. *Fuentes v. Fuentes*, 209 Ariz. 51, 55–56, ¶ 18, 97 P.3d 876, 880–81 (App.2004).

¶ 12 The court heard testimony from Wife that she could not currently provide for herself. Wife testified she had thirty hours of post-graduate work, was taking classes as required for advancement in her job, and planned to continue her education. Wife testified that she wanted to obtain her master's degree to increase her income potential. Wife testified that at the time of the trial she was still paying for classes that she had taken the previous year. She indicated that this limited her ability to take many new classes although she did take some to further her desire to increase her income.

¶ 13 The court found Wife needed more education in order to increase her income and that she intended to continue working towards obtaining her master's degree. The court found that during the parties' marriage Wife was the primary care giver of the children and that in 2004–2005 she held her first full-time job outside the home since early in the parties' marriage. The court found that

---

4. Pursuant to the statute a spouse is entitled to maintenance if he or she:

 1. Lacks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs.

 2. Is unable to be self-sufficient through appropriate employment or is the custodian of a child whose age or condition is such that the custodian should not be required to seek employment outside the home or lacks earning ability in the labor market adequate to be self-sufficient.

 3. Contributed to the educational opportunities of the other spouse.

 4. Had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.

Wife's expenses exceeded her income. Therefore, the court held that Wife was entitled to spousal maintenance pursuant to A.R.S. section 25–319(A)(1) and/or (2). Contrary to Husband's assertion, Wife was not required to "use up" her property and the court was required only to consider the income potential of the property awarded her by the court as one factor in determining whether she was entitled to maintenance. *Deatherage*, 140 Ariz. at 321, 681 P.2d at 473. Accordingly, we find there is sufficient evidence in the record to support the court's finding that Wife is entitled to spousal maintenance pursuant to A.R.S. section 25–319(A).

¶ 14 Husband also contends that the court's award of maintenance in duration and amount was erroneous because it was based on the Guidelines rather than A.R.S. section 25–319(B).[5] We disagree.

¶ 15 We review the amount and duration of the award of spousal maintenance to determine whether the court properly considered the factors of A.R.S. section 25–319(B).[6] *Gutierrez*, 193 Ariz. at 348, ¶ 15, 972 P.2d at 681. To strike the proper balance of financial independence and a good-faith effort on the part of the spouse seeking maintenance, the court need not apply every factor listed in section 25–319(B). *Rainwater v. Rainwater*, 177 Ariz. 500, 502, 869 P.2d 176, 178 (App.1993). The determination by the court is done on a case-by-case basis and some factors will not apply. Id. The court may abuse its discretion if it fails to apply one of the applicable factors "with respect to which the parties presented evidence." *Elliott v. Elliott*, 165 Ariz. 128, 136, 796 P.2d 930, 938 (App.1990). If inappropriate bases are used to determine spousal maintenance, we will be inclined to reverse the award. *Hardin v. Hardin*, 163 Ariz. 501, 503, 788 P.2d 1252, 1254 (App.1990).

¶ 16 The Guidelines are distributed by the Superior Court of Arizona, Maricopa County,

---

5. Husband argues that because the Guidelines are not authorized by law, the standard of review is de novo, but cites no authority to support this proposition. We will not consider arguments posited without authority. *Phelps Dodge Corp. v. Arizona Elec. Power Co-op., Inc.*, 207 Ariz. 95, 122, ¶ 117, 83 P.3d 573, 600 (App.2004). Furthermore, Husband did not object to the court's suggested use of the Guidelines during the trial or in his motion for a new trial. As a general rule, a party cannot argue on appeal legal issues not raised below. *McDowell Mountain Ranch Land Coal. v. Vizcaino*, 190 Ariz. 1, 5, 945 P.2d 312, 316 (1997). However, the rule is procedural and not substantive and given this recurring issue, we exercise our discretion to address the use of the Guidelines. *Dombey v. Phoenix Newspapers, Inc.*, 150 Ariz. 476, 482, 724 P.2d 562, 568 (1986).

6. Pursuant to the statute, factors properly considered by the court include:

1. The standard of living established during the marriage.
2. The duration of the marriage.
3. The age, employment history, earning ability and physical and emotional condition of the spouse seeking maintenance.
4. The ability of the spouse from whom maintenance is sought to meet that spouse's needs while meeting those of the spouse seeking maintenance.
5. The comparative financial resources of the spouses, including their comparative earning abilities in the labor market.

6. The contribution of the spouse seeking maintenance to the earning ability of the other spouse.
7. The extent to which the spouse seeking maintenance has reduced that spouse's income or career opportunities for the benefit of the other spouse.
8. The ability of both parties after the dissolution to contribute to the future educational costs of their mutual children.
9. The financial resources of the party seeking maintenance, including marital property apportioned to that spouse, and that spouse's ability to meet that spouse's own needs independently.
10. The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment and whether such education or training is readily available.
11. Excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common.
12. The cost for the spouse who is seeking maintenance to obtain health insurance and the reduction in the cost of health insurance for the spouse from whom maintenance is sought if the spouse from whom maintenance is sought is able to convert family health insurance to employee health insurance after the marriage is dissolved.
13. All actual damages and judgments from conduct that results in criminal conviction of either spouse in which the other spouse or child was the victim.

Family Court Department. *Spousal Maintenance Guidelines*, at 1 (Oct.2002). The Guidelines explain that the American Family Institute's comprehensive study, *Principles of the Law of Family Dissolution* (1997), concludes that "without guidelines, there is considerable variability in spousal maintenance awards." Id. The study makes clear that even in a perfect system there would be some degree of variation based on the court's discretion when dealing with case-by-case factual variations and courts also apply different principles in determining an award. *Id.*, at 1–2. Maricopa County implemented the Guidelines to ameliorate the unpredictability of spousal maintenance awards. *Id.*, at 2.

¶ 17 The Guidelines further explain they are intended to provide the court and the parties with a "starting point for discussion, negotiation, or decision making." Id., at 1. They are not intended to replace the court's obligation to consider the specific evidence and statutory factors. *Id.* The Guidelines set forth the general principles of spousal maintenance, and the scope and application of the Guidelines pursuant to A.R.S. section 25–319(A), (B), and (C). *Id.*, at 3–15. Thus, a court's reliance on the Guidelines for determining the duration and amount of maintenance should be consistent with the factors set forth in A.R.S. section 25–319(B).

¶ 18 Pursuant to the Guidelines, spousal maintenance includes the duration and the amount of an award and is calculated as follows: "The guideline amount is based upon two factors: a) the duration of the marriage (calculated or rounded to the nearest whole number of years), and b) the incomes the spouses are reasonably expected to have at the time of dissolution (calculated or rounded to the nearest whole dollar)." *Guidelines*, at 4. The duration factor is calculated by multiplying .015 by the years of the marriage, rounded to the nearest hundredth, but not exceeding 0.5. *Id.*, at 5. The duration factor is then multiplied by the difference between the spouses' monthly incomes. *Id.* The result is the amount of the monthly spousal maintenance. The range for the duration of the award is calculated by multiplying the number of years of the marriage by both 0.3 and 0.5. *Id.*

¶ 19 The superior court considered and applied the Guidelines consistent with the statutory factors. The court heard the testimony of Wife as to the standard of living established during the marriage. The court found the parties were married for seventeen years. Wife testified that she had not worked most of the time the parties were married. Husband did not submit a financial affidavit to assist the court in a determination of his ability to meet his own financial needs. However, there was testimony that Husband earned $5,039.58 a month as supported by the child support information form, creating a basis for comparative financial resources. Wife testified as to her educational plans and the impact they would have on her future earning capacity.

¶ 20 The court then applied the Guidelines. The court calculated the duration and amount of maintenance as follows: "The duration factor equals 0.015 times 17, or 0.26. The Guideline amount is $1,998.00 (the difference between $5,040.00 and $3,042.00) times the duration factor of 0.26, which equals $519.00 per month. The Guideline award's duration is 17 (years of marriage) times 0.3 to 0.5, which equals 5.1 to 8.5 years." The calculations appropriately follow the Guidelines. The court awarded Wife $500 per month maintenance for seventy-two months or six years.

¶ 21 The court's use of the Guidelines for assisting in the calculation was not the sole basis for its determination of the amount or the duration of the award as supported by the record and is appropriate. The court made its determination from a number of the factors, set out above, pursuant to A.R.S. section 25–319(B) and then calculated the duration and amount of the award pursuant to the Guidelines. The court did not abuse its discretion. Accordingly, we affirm the court's award. *Hardin*, 163 Ariz. at 503, 788 P.2d at 1254.

 ¶ 22 Husband further argues that he cannot afford the maintenance award and based on the future earning capacity of Wife and her receipt of a military pension in 2008, the award is inappropriate.

¶ 23 Husband's financial obligations are a consideration in awarding spousal maintenance. The burden rests on the spouse alleging inability to pay spousal maintenance to present evidence to support such inability. *Gutierrez*, 193 Ariz. at 350, ¶ 27, 972 P.2d at 683. Husband did not submit a financial affidavit to the court for consideration and he cannot now complain that the court did not consider his finances. Id. Husband also argues that Wife will be earning more income and will be receiving pension benefits in the future. Awards of spousal maintenance may be modified upon a showing of changed circumstances that are substantial and continual. A.R.S. section 25–327(A) (2007); *Schroeder v. Schroeder*, 161 Ariz. 316, 323, 778 P.2d 1212, 1219 (1989). If and when such a change occurs, Husband can petition the court to modify the maintenance award and the superior court can determine whether a modification is appropriate.

## CONCLUSION

¶ 24 For the reasons stated above and in the separately filed memorandum decision on this appeal, we affirm the superior court's decree and amended decree. We award Wife costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

CONCURRING: MAURICE PORTLEY, Presiding Judge, and PATRICK IRVINE, Judge.