NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

TOBY HARRIS,
*Plaintiff/Appellant*,

*v.*

GODADDY.COM, INC., an Arizona corporation,
*Defendant/Appellee*.

No. 1 CA-CV 14-0151
FILED 1-22-2015

---

Appeal from the Superior Court in Maricopa County
No. CV2010-016149
The Honorable Randall H. Warner, Judge

**AFFIRMED**

---

COUNSEL

Toby Allen Harris, Phoenix
*Plaintiff/Appellant in Propria Persona*

BurnsBarton LLP, Phoenix
By David T. Barton, C. Christine Burns, Benjamin J. Naylor
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

---

**B R O W N**, Judge:

¶1          Toby Harris, a former employee of defendant GoDaddy.Com, Inc. ("GoDaddy"), appeals the superior court's decision granting GoDaddy's motion for summary judgment on Harris's claims related to his employment termination.  Finding no error, we affirm.

### BACKGROUND

¶2          GoDaddy hired Harris in November 2009 as a sales and support representative.  In February 2010, GoDaddy dismissed Harris for security breaches that violated GoDaddy's policies.  One of the breaches occurred when Harris transmitted to his personal e-mail account a "CRM screenshot" depicting confidential information regarding Harris's sales over a ten-day period.

¶3          Harris and other plaintiffs filed a putative class action in superior court, alleging (in one federal law claim and various Arizona law claims) GoDaddy failed to compensate them for overtime work and pay bonuses, and as to Harris, wrongfully terminated him.  GoDaddy removed the case to federal district court.  Although plaintiffs amended the complaint twice, the district court subsequently dismissed all claims except Harris's claims under Arizona law alleging a violation of the Minimum Wage Act and retaliatory discharge.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 23-362 to -365, -1501.  Because the federal law claim had been finally resolved, the district court then remanded the case back to superior court.

¶4          Following remand, GoDaddy successfully moved for summary judgment, and Harris filed a post-judgment motion to alter and modify the judgment, which the superior court denied.  Harris timely appealed.

### DISCUSSION

¶5          Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to a

judgment as a matter of law." Ariz. R. Civ. P. 56(a). A plaintiff bears the burden of showing available, competent evidence that would justify a trial once the defendant establishes it is entitled to summary judgment. *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 156, 871 P.2d 698, 703 (App. 1993). We review de novo the grant of a motion for summary judgment. *Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 199, ¶ 15, 165 P.3d 173, 177 (App. 2007).

### A. Minimum Wage Act Claim

**¶6** Arizona's Minimum Wage Act ("Act") requires employers to pay employees a certain hourly wage. A.R.S. § 23-363. The Act also requires employers to maintain payroll records reflecting daily hours worked and wages paid to all employees for a period of four years. A.R.S. § 23-364(D). Employers must permit an employee to inspect and copy his or her records. *Id*.

**¶7** Employers are prohibited from discharging an employee who asserts a claim or right under the Act. A.R.S. § 23-364(B). If an employer discharges an employee within ninety days of the employee asserting a claim under the Act, a presumption arises that the discharge was retaliatory. *Id.* The employer may rebut the presumption with clear and convincing evidence that the discharge occurred for other permissible reasons. *Id*.

**¶8** Harris argues the CRM screenshot is a payroll record, and he was terminated for possessing it, in violation of the Act. Thus, Harris contends the superior court should have presumed GoDaddy retaliated against him because GoDaddy dismissed him six days after he asserted his rights under the Act. According to Harris, GoDaddy's reason for terminating his employment was pretextual.

**¶9** The record, however, fails to support Harris's arguments. Harris failed to provide any evidence that GoDaddy prohibited him from inspecting and copying any of his payroll records. In fact, Harris did not make this allegation in the original complaint, the first amended complaint or the second amended complaint.[1] Thus, on these undisputed facts, summary judgment in GoDaddy's favor was proper.

---

[1] Harris first raised this allegation in his statement of controverting facts in response to GoDaddy's motion for summary judgment.

¶10 Moreover, GoDaddy rebutted the presumption of retaliation by clear and convincing evidence that Harris was terminated not for inspecting or copying the CRM screenshot, but for—in part—his "taking [it] out of the company[]" in violation of GoDaddy's security policy. Harris conceded that this was the reason given for his termination. And although Harris contends the "security breach" basis for his dismissal was a "pretext," he never asserted that the security breaches were an improper basis for his termination. Nor did Harris offer any evidence to support his assertion that he "was fired for having a copy of the [document]." *See State v. Mecham*, 173 Ariz. 474, 478, 844 P.2d 641, 645 (App. 1992) (noting a party cannot solely rely "on unsupported contentions that a dispute exists to create a factual issue that would defeat summary judgment").

¶11 Harris also argues GoDaddy presented no evidence of the written policy that he was terminated for violating. This argument is unavailing. First, Harris points to no authority prohibiting employers from discharging employees for violating unwritten policies. Second, GoDaddy submitted evidence showing Harris was aware of, and agreed to adhere to, written security policies. GoDaddy also provided evidence that it notified Harris in writing of his violations of those policies. Harris admitted that he "was required to follow strict security protocols detailed in GoDaddy's 'Vault' articles, and he signed several polices [sic] agreeing not to disclose any confidential information during or after his employment." For these reasons, the superior court did not err in granting GoDaddy's motion for summary judgment on Harris's claim under the Act.[2]

---

[2] Without citing to the record or any supporting authority, Harris makes general assertions regarding "breach of confidentiality" and "a bulk of" whistleblower cases. Harris also refers to a news article that was released after the superior court's ruling. Whatever arguments Harris attempts to raise along these lines, we do not address them. An appellant must present significant arguments, set forth his or her position on the issues raised, and include citations to relevant authorities, statutes, and portions of the record. *See* ARCAP 13(a)(6), (b)(1). The failure to do so may constitute, as it does here, an abandonment and a waiver of that issue. *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101, 94 P.3d 1119, 1147 n.9 (2004); *see also Cullum v. Cullum*, 215 Ariz. 352, 355 n.5, ¶ 14, 160 P.3d 231, 234 n.5 (App. 2007) (holding that appellate courts "will not consider argument posited without authority").

### B.      Employment Protection Act Claim

**¶12**        Arizona's Employment Protection Act ("AEPA") provides a discharged employee with a cause of action against his or her employer for terminating the employee in retaliation for the employee's reasonable disclosure of the employer's violation of state law.   A.R.S. § 23-1501(A)(3)(c); *see also Galati v. Am. W. Airlines, Inc.*, 205 Ariz. 290, 292, ¶ 5, 69 P.3d 1011, 1013 (App. 2003).   Harris argues he sufficiently pled GoDaddy's purported violation of state law in his response to the motion for summary judgment.   We disagree.

**¶13**        As an initial matter, the disclosure of a possible violation of state law must occur before the employee's discharge in order for the discharge to be retaliatory.   *See* A.R.S. § 23-1501(A)(3)(c)(ii).[3]  Here, nothing in the record indicates Harris notified GoDaddy of a possible violation of state law prior to his termination.   Instead, Harris's controverting statement of facts reflects he disclosed a potential violation of "Federal Law Statutes for discretionary bonuses."   AEPA is expressly limited to disclosures of state law violations; a purported violation of federal law is insufficient. A.R.S. § 23-1501(A)(3)(c)(i-x); *see Galati*, 205 Ariz. at 294, ¶ 15, 69 P.3d at 1015 ("After a review of the clear and unequivocal language of A.R.S. § 23–1501

---

[3]        This statutory provision provides, in relevant part:

> An employee has a claim against an employer for termination of employment . . . if [t]he employer has terminated the employment relationship of an employee in retaliation for . . . [t]he disclosure by the employee in a reasonable manner that the employee has information or a reasonable belief that the employer, or an employee of the employer, has violated, is violating or will violate the Constitution of Arizona or the statutes of this state to either the employer or a representative of the employer who the employee reasonably believes is in a managerial or supervisory position and has the authority to investigate the information provided by the employee and to take action to prevent further violations of the Constitution of Arizona or statutes of this state or an employee of a public body or political subdivision of this state or any agency of a public body or political subdivision.

A.R.S. § 23-1501(A)(3)(c)(ii).

. . . , we do not find that a statutory public policy exception exists for whistleblowing associated with federal regulations."). Finally, the evidence submitted establishes that Harris was discharged for one reason that was non-retaliatory—his violations of GoDaddy's security policies. Thus, the superior court properly ruled in favor of GoDaddy on Harris's AEPA claim.

### C. Prior Agreement Regarding "No Disciplinary Action"

¶14 Finally, Harris contends summary judgment in GoDaddy's favor was improper because the parties had agreed before Harris was terminated that Harris would not be subject to discipline. In support of this argument, Harris relies on a copy of an e-mail he attached to his controverting statement of facts and his post-judgment motions,[4] the latter being when Harris admits he "then raised the issue of the pre-existing contract[.]" The referenced e-mail was sent from GoDaddy's employee relations manager to Harris and stated that an impending meeting between the two "is not an investigative meeting, where there could be possible disciplinary action, [but] is regarding policy interpretation[.]" Harris contends the trial court erred in "not applying the terms of the agreement[.]" Harris also suggests that GoDaddy breached the "agreement" because he "was terminated [as a] direct result of attending the meeting in which both parties previously agreed to 'no disciplinary action.'"

¶15 This argument fails. Harris did not include a breach of contract claim in the second amended complaint (or in the previous versions thereof), and claims made for the first time in a motion for new trial are generally waived. *See Conant v. Whitney*, 190 Ariz. 290, 293, 947 P.2d 864, 867 (App. 1997) (concluding that appellant waived issue by first raising it in a motion for new trial).

¶16 Even assuming that Harris timely raised this claim, the record fails to show GoDaddy breached the agreement by disciplining him because he attended the meeting at issue. The termination letter establishes that Harris presented a copy of the CRM screenshot at the meeting, and, at a subsequent meeting, Harris admitted e-mailing the screenshot to himself at an external e-mail address. Further investigation by GoDaddy revealed two more instances in which Harris improperly e-mailed items outside the company in violation of various GoDaddy policies, and Harris was

---

[4] One of the motions was filed after the court granted GoDaddy's motion for summary judgment but before entry of final judgment.

thereafter terminated. Thus, the evidence does not establish that Harris's discharge resulted from his mere attendance at the meeting. Harris has failed to meet his burden of showing the existence of a material dispute of fact that GoDaddy breached the "agreement" to refrain from imposing discipline as a result of Harris's meeting with the employee relations manager. *See Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170, ¶ 30, 83 P.3d 1103, 1111 (App. 2004) (noting, "in an action based on breach of contract, the plaintiff has the burden of proving the existence of a contract, breach of the contract, and resulting damages").

## CONCLUSION

**¶17** The superior court's order granting GoDaddy's motion for summary judgment is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama