NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In re the Matter of:

2002 LINCOLN LLS ET AL.

---

STATE OF ARIZONA, *Plaintiff/Appellee,*

*v.*

MARINA BOBADILLA, *Claimant/Appellant.*

No. 1 CA-CV 14-0376
FILED 5-28-2015

---

Appeal from the Superior Court in Maricopa County
No.  CV2012-008209
The Honorable Mark H. Brain, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Peter S. Spaw
*Counsel for Plaintiff/Appellee*

Mathew & Associates, Phoenix
By Ivan K. Mathew
*Counsel for Claimant/Appellant*

### MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge John C. Gemmill joined.

**B R O W N**, Judge:

**¶1**         In this civil *in rem* forfeiture action, Marina Bobadilla appeals the superior court's order directing forfeiture of two vehicles and $200,000 in currency ("Forfeited Property"). Bobadilla argues the court impermissibly penalized her at the evidentiary hearing by precluding evidence regarding her purported ownership of the Forfeited Property. For the reasons that follow, we affirm.

### BACKGROUND

**¶2**         During an investigation into activities suspected to involve the transportation and sale of illegal drugs, law enforcement personnel executed search warrants at Bobadilla's residence and safety deposit box and seized the Forfeited Property. In response to the State's notice of pending forfeiture pursuant to Arizona Revised Statutes ("A.R.S.") sections 13-4301 to -4315 ("Forfeiture Statutes"), Bobadilla filed a verified claim objecting to the forfeiture and asserting her ownership interest in the Forfeited Property. Bobadilla also asserted that "any additional information concerning the circumstances of the acquisition of her property is protected under the Fifth Amendment to the United States Constitution." The State then filed a complaint, alleging that the Forfeited Property constituted proceeds of a transaction involving prohibited drugs or proceeds used or intended to be used to facilitate such a transaction. The State further asserted the currency was owned by a male defendant in a collateral criminal action. To resolve the matter, the court set an evidentiary hearing.

**¶3**         The State deposed Bobadilla, and she invoked her Fifth Amendment privilege against self-incrimination when asked questions regarding the circumstances of her possession of the forfeited currency.[1]

---

[1]    The applicable clause of the Fifth Amendment states: "No person . . . shall be compelled in any criminal case to be a witness against himself[.]" U.S. Const. amend. V.

The State filed a motion to compel Bobadilla's deposition testimony, and, after hearing argument, the superior court ordered "that Marina Bobadilla will be limited to what she testified to at [her] deposition. If she wishes to supplement that testimony, she must alert [counsel for the State] by January 10, 2014 and submit to a deposition." Bobadilla did not seek to be deposed to provide additional information.

¶4        At the evidentiary hearing, the superior court prohibited Bobadilla from introducing documents and witness testimony purportedly relating to her ownership of the Forfeited Property.[2] The court therefore vacated the hearing, ordered Bobadilla's claim stricken, and entered an order of forfeiture with respect to the Forfeited Property. Bobadilla appealed.

**DISCUSSION**

¶5        Bobadilla argues that by precluding her proffered evidence at the forfeiture hearing, the superior court impermissibly penalized her for asserting her rights under the Fifth Amendment. Bobadilla also asserts that the court was required to state on the record that it considered less drastic measures before striking her claim. In support of her arguments, Bobadilla relies almost exclusively on *Wohlstrom v. Buchanan*, 180 Ariz. 389 (1994).

¶6        When contesting the State's forfeiture of personal property, a claimant must first establish standing by showing through a preponderance of evidence that he or she is an owner or interest holder in the seized

---

[2]        Although Bobadilla did not include any certified transcripts in the record on appeal pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 11(b)(1), she submitted a copy of the evidentiary hearing's transcript prepared by a "transcriptionist" in the appendix to her opening brief. *See* Ariz. R. Sup. Ct. 30(a) (defining "authorized transcriber"). Bobadilla similarly included a copy of the transcript from the oral argument on the State's motion to compel. The State does not object to Bobadilla's failure to properly include the transcripts in the record, nor does the State question the propriety of the "transcriptionist's" preparation of the transcripts under Supreme Court Rule 30. We therefore consider the transcripts as part of the record on appeal.

property.[3]   A.R.S. § 13-4310(D).   In filing a claim, A.R.S. § 13-4311(E) mandates,  in relevant part:

> The claim shall be signed by the claimant under penalty of perjury and shall set forth all of the following:
>
> . . .
>
> 3. The nature and extent of the claimant's interest in the property.
>
> 4. The date, the identity of the transferor and the circumstances of the claimant's acquisition of the interest in the property.

¶7          Our supreme court in *Wohlstrom* addressed the interplay between these statutory provisions.  In that case, Tucson Airport Authority police seized $127,000 in currency found in Wohlstrom's luggage after being informed by a federal agent that Wohlstrom was suspected of narcotic trafficking.  180 Ariz. at 390.   The State commenced forfeiture proceedings pursuant to the Forfeiture Statutes.   In his amended claim, Wohlstrom alleged the following:

> 2. The United States Currency in the amount of $127,000.00 which is the subject matter of this case is the personal property of Mr. Wohlstrom.   The currency belongs to him, and was taken from his possession on November 11, 1991.
>
> 3. Claimant acquired the U.S. Currency that is the subject matter of this case in Philadelphia, Pennsylvania, earlier in the day on which it was seized, November 11, 1991.

*Id*.

¶8          Similar to Bobadilla, Wohlstrom also alleged:   "Claimant contends that any additional information concerning the circumstances of

---

[3]      If a complainant sufficiently establishes standing, the State has the burden to establish by a preponderance of evidence that the seized property is subject to forfeiture under A.R.S. § 13-4304.  A.R.S. § 13-4311(M).  The burden then shifts to the claimant to prove by a preponderance of evidence that his or her interest in the property is exempt from forfeiture under A.R.S. § 13-4304.  *Id*.  This case involves only the initial requirement that Bobadilla, as the claimant, was required to prove she had standing.

the acquisition of his property is protected under the Fifth Amendment to the United States Constitution, and Article 2, § 10 of the Arizona Constitution." *Id.* The State moved to strike Wohlstrom's amended claim for failure to comply with A.R.S. § 13-4311(E). The trial court granted the State's motion, holding that Wohlstrom lacked standing based on his amended claim's non-compliance with the statute.

¶9 Wohlstrom sought special action relief, arguing A.R.S. § 13-4311(E) violates the Fifth Amendment because it forced him to choose between invoking the privilege against self-incrimination and contesting the forfeiture. *Id.*at 390. The supreme court agreed and found the statute unconstitutional as applied.[4] *Id.* at 391, 395. In doing so, the court determined that the trial court, by striking Wohlstrom's claim based on his invocation of the privilege, impermissibly foreclosed Wohlstrom's "ability to intervene in the proceedings, virtually assuring a forfeiture." *Id.* at 391.

¶10 Here, the superior court did not force Bobadilla to choose between asserting her Fifth Amendment privilege and contesting the forfeiture. Unlike *Wohlstrom*, the court did not strike her claim before she had the opportunity to present evidence. Instead, at the forfeiture hearing, the court allowed Bobadilla to present offers of proof as to the witnesses' testimony and documents that she sought to admit into evidence. Bobadilla readily admitted that none of her prospective witnesses would testify regarding her acquisition of the Forfeited Property; rather, she explained each witness would testify merely that she *possessed* the Forfeited Property. The court precluded Bobadilla's proffered testimony on evidentiary grounds, concluding the evidence was irrelevant to the standing issue. Indeed, as the court explained to Bobadilla: "People have possession of all sorts of things they don't own. The question is how did you come across it, how did you become the owner?" *See United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638-39 (9th Cir. 2012) (concluding "in a civil forfeiture action, a claimant's bare assertion of an ownership or possessory interest, in the absence of some other evidence, is not enough to survive a motion for summary judgment. . . . Unexplained naked possession of a cash hoard . . . does not rise to the level of the possessory interest requisite for standing to attack the forfeiture proceeding at the summary judgment stage") (internal quotation marks and citation omitted).

¶11 On appeal, Bobadilla does not meaningfully or properly argue the court erred in determining this proffered testimony was

---

4 This court declined jurisdiction over Wohlstrom's special action petition. *Wohlstrom*, 180 Ariz. at 390.

irrelevant.  *See* A.R.S. § 13-4310(E)(1) ("The law of evidence relating to civil actions applies equally to all parties, including the state, an applicant, a petitioner, a claimant and a defendant, on all issues required to be established by a preponderance of the evidence."); A.R.S. § 13-4311(B) ("Judicial in rem forfeiture proceedings are in the nature of an action in rem and are governed by the Arizona rules of civil procedure unless a different procedure is provided by law."); Ariz. R. Evid. 402 ("Irrelevant evidence is not admissible.").   As for Bobadilla's proffered documents, the court precluded their admission on various grounds, including relevance, hearsay, and lack of foundation.   Again, Bobadilla does not properly develop an argument challenging the court's rulings.

**¶12**         An appellant must present significant arguments, set forth his or her position on the issues raised, and include citations to relevant authorities, statutes, and portions of the record.  *See* ARCAP 13(a)(7).  The failure to present an argument in this manner usually constitutes abandonment and a waiver of that issue.  *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004); *see also Cullum v. Cullum*, 215 Ariz. 352, 355 n.5, ¶ 14 (App. 2007) (holding appellate courts "will not consider argument posited without authority").

**¶13**         On this record, and absent controlling authority, we cannot conclude that the trial court committed reversible error.

## CONCLUSION

**¶14**         The superior court's order of forfeiture is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama

6