NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KELSEY ANN PRUETT, *Petitioner/Appellee*,

*v.*

JOSHUA RYAN BELETZ, *Respondent/Appellee*.

ROBERT BELETZ, *Intervenor/Appellant*.

No. 1 CA-CV 16-0375 FC
FILED 4-11-2017

Appeal from the Superior Court in Maricopa County
No.  FC2011-006520
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Robert Beletz, Cobb, CA
*Intervenor/Appellant in Propria Persona*

Holly L. Marshall, Phoenix
*Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

---

D O W N I E, Judge:

¶1          Robert Beletz ("Grandfather") appeals the superior court's order denying his motion to reinstate grandparent visitation rights.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2          In 2011, Grandfather entered into a written agreement with Kelsey Ann Pruett ("Mother") and Joshua Ryan Beletz ("Father") for visitation with Granddaughter.[1]  In February 2014, Mother petitioned to suspend Grandfather's visitation, citing numerous concerns, including erratic and threatening behavior, arrests, and drug usage.  The superior court found that an emergency existed and suspended Grandfather's visitation "until further order of the Court."

¶3          On April 7, 2014, the grandparents, through counsel, filed a "Motion to Withdraw as Intervenors."  The motion advised that they had initially sought visitation because Father was in prison.  Father had since been released, and the grandparents asked that they "be removed as Intervenors in the case and their separate legal rights as Grandparents be terminated."  The superior court thereafter dismissed the underlying grandparent visitation petition.

¶4          On April 7, 2016, Grandfather filed a motion seeking to reestablish visitation.  The superior court denied that motion, concluding it did not "meet the requirements of Arizona Revised Statutes section 25-409 for a grandparent visitation petition."  Grandfather's timely appeal followed.

---

[1]      The child's grandmother was also awarded visitation, but she is not a party to this appeal.

**DISCUSSION**

**¶5**        We review the superior court's ruling for an abuse of discretion.  *See Graville v. Dodge*, 195 Ariz. 119, 128, ¶ 38 (App. 1999). Grandparents seeking visitation must comply with statutory requirements, including filing a petition that is "verified or supported by affidavit" and that includes "detailed facts supporting the petitioner's claim."   A.R.S. § 25-409(D).   Notice to the child's parents is also mandated.[2]  A.R.S. § 25-409(D)(1).

**¶6**        The superior court did not abuse its discretion by denying Grandfather's motion.  The filing was neither verified nor supported by an affidavit, and it lacked "detailed facts" demonstrating a basis for grandparent visitation.  The one-page motion stated:

> In February 2014 my daughter was removed from my wife's care.  I had not seen my daughter since July 2013 and she was removed by CPS in February 2014.  My daughter being removed by/from CPS.  A motion was brought before this court so I was not allowed to see [Grandaughter] because my disposition at that time wasn't good for her to be exposed to.

> I have fulfilled all requirements by Dept of Child Safety including drug testing (no failed tests), domestic violence class.  (Never have been convicted of any) and completed substance abuse rehabilitation.  I would like my rights reinstated to spend time with my granddaughter.

**¶7**        On appeal, Grandfather does not articulate the legal issues presented for our review or cite any legal authority.  It is not this Court's responsibility to develop a party's argument. *Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 143 (App. 1987).  A party must present significant arguments, set forth his or her position on the issues raised, and include citations to relevant authorities, statutes, and portions of the record.  *See* ARCAP 13(a)(6), (b)(1); *see also Cullum v. Cullum*, 215 Ariz. 352, 355 n.5, ¶ 14 (App. 2007) (Appellate courts "will not consider argument[] posited without authority."); *Higgins v. Higgins*, 194 Ariz. 266, 270, ¶ 12 (App. 1999) (holding a *pro se* litigant to the same standard as an attorney).

---

[2]        Grandfather's petition reflects only that he mailed a copy to Mother's attorney.

Grandfather also fails to address the deficiencies in his motion that led to its denial.  Under these circumstances, no basis exists for setting aside the superior court's order.

## CONCLUSION

**¶8**        We affirm the judgment of the superior court.  Mother seeks an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324(B)(2).   In the exercise of our discretion, we will award a reasonable sum of fees because Grandfather's appeal is not "based on law."  Mother is also entitled to recover her taxable costs.  Both awards are contingent on compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA