NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CHANDRA ARMSTRONG, *Petitioner/Appellant*,

*v.*

JIMMY ARMSTRONG, JR., *Respondent/Appellee*.

No. 1 CA-CV 25-0425 FC

FILED 01-21-2026

Appeal from the Superior Court in Maricopa County
No. FC2025-050279
The Honorable Hope E. Fruchtman, Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Chandra Armstrong, Glendale
*Petitioner/Appellant*

Jimmy Armstrong, Jr., Phoenix
*Respondent/Appellee*

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge James B. Morse Jr. joined.

**F U R U Y A**, Judge:

¶1        Chandra Armstrong ("Mother") appeals the superior court's denial of an upward deviation in her child support award. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother and Jimmy Armstrong ("Father") separated in September 2024 when Father moved out of the family home, which the couple owned together. Mother remained in the home with their two daughters and Father's adult son. Mother then paid the household bills, including the mortgage, the electric bill, the car payment, and their daughters' extracurricular activity fees, with some assistance from Father on several occasions.

¶3        Mother filed a petition to establish child support in January 2025. The Child Support Worksheet listed Father's monthly child support obligation as $1,495 per month. Mother requested an upward deviation to bring the monthly payment up to $4,353. To support her request, Mother cited Father's "concealment and fraudulent disposition of community assets" that she contended should be considered part of Father's income. Mother introduced evidence to support her allegation that Father had "tricked [her] into signing second mortgage home equity loan documents featuring a ten-year balloon payment" and "received $97,000 in home equity loan proceeds." She also claimed that Father "filed an $83,167 homeowner's insurance claim," that Father "did not use . . . to benefit the household." Additionally, Mother cited the large income difference between her and Father to support her request. The superior court denied Mother's request for upward deviation, instead ordering Father to pay the amount calculated according to the Child Support Worksheet.

¶4        Mother timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes Section 12-2101(A)(1) and (2).

**DISCUSSION**

¶5        Mother contends the superior court erred by denying her request for an upward deviation in child support because it failed to consider the evidence she provided of Father's concealed "income." Father filed no answering brief, which we may consider a confession of reversible error as to any debatable issue raised by Mother on appeal. *Savord v. Morton*, 235 Ariz. 256, 259 ¶ 9 (App. 2014). But as explained herein, Mother does not present any debatable issues in her appeal. Further, because this appeal addresses an award of child support, it necessarily implicates the best interests of children, a circumstance in which we regularly decline to apply the confession of error doctrine. *See*, *e.g.*, *In re Marriage of Diezsi*, 201 Ariz. 524, 525 ¶ 2 (App. 2002). Therefore, we decline to treat Father's failure to file an answering brief as a confession of error.

¶6        The Arizona Child Support Guidelines ("Guidelines") provide that a parent seeking more than the presumptive child-support amount derived from the Guidelines and the Schedule of Basic Support Obligation ("Schedule") "bears the burden of proving the children's needs require a higher sum." Guidelines § III(A)(1)(c). "Child support awards are within the discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion." *Simpson v. Simpson*, 224 Ariz. 224, 225 ¶ 4 (App. 2010). "An abuse of discretion exists when the court commits an error of law in reaching a discretionary conclusion[,]" *Coconino County v. Antco, Inc.*, 214 Ariz. 82, 85 ¶ 6 (App. 2006), or "when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support the decision[,]'" *Milinovich v. Womack*, 236 Ariz. 612, 615 ¶ 7 (App. 2015) (quoting *Little v. Little*, 193 Ariz. 518, 520 ¶ 5 (1999)).

¶7        Utilizing the Child Support Worksheet, the court found that Father earns $8,666.67 monthly and his child support payment would be $1,495 per month. Mother requested an upward deviation resulting in a $4,353 monthly child support payment to pay the total cost of raising the children. Mother argues that in determining the child support award, the court failed to consider the evidence she presented of Father's "concealment and fraudulent disposition of community assets" consisting of a fraudulently obtained "'cash out' mortgage with a 10 year balloon payment" and a water damage insurance claim Father filed unbeknownst to Mother. However, upon dissolution of marriage, home equity and insurance claim payouts are community assets subject to equitable division. *See Nace v. Nace*, 104 Ariz. 20, 22 (1968) (stating that "property acquired by either husband or wife during the marriage, except that which is acquired

by gift, devise or descent . . . is the community property of the husband and wife"); *see also Hardin v. Hardin*, 163 Ariz. 501, 503 (App. 1990) ("Upon dissolution, community property is divided such that each party receives an immediate, present, and vested separate property interest.") (citation omitted). Because the division of community assets is a distinct issue from calculation of income, neither the mortgage payout nor the insurance claim are relevant to income for purposes of determining a child support award. Moreover, even if such assets were relevant to calculating child support, evidence was properly before the court regarding each asset and we presume that after it admits evidence, a trial court considers that evidence before issuing a decision. *Fuentes v. Fuentes*, 209 Ariz. 51, 55 ¶ 18 (App. 2004). Thus, we presume the court considered this evidence, notwithstanding Mother's argument to the contrary.

¶8            And even if we were not required to presume the court considered that evidence, the court expressly confirmed it did so. It stated that it entered its order denying Mother's upward deviation "[b]ased on the information and testimony presented." Thus, our review must accept as given that the court considered all evidence presented and admitted. *Id.* Mother provides nothing to rebut this presumption and demonstrates no error from any purported failure to consider evidence.

¶9            Moreover, the court specifically found Mother had failed to prove by a preponderance of the evidence that there is a legal basis for an upward deviation in the child support amount. It instead awarded the child support amount based on the Child Support Worksheet, finding that if the upward deviation were to be granted, Father's $8,666.67 monthly income would be reduced by a $4,353 payment leaving him with $4,313, which the court determined would leave him with insufficient funds for his needs.

¶10          In view of the court's findings and the applicable presumption that it considered all evidence it had admitted, Mother's arguments on appeal amount to a request that we reweigh the evidence, which we will not do. *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009). The record supports the court's finding that a deviation was not warranted. *See Nash v. Nash*, 232 Ariz. 473, 476 ¶ 5 (App. 2013) ("We will accept the court's findings of fact unless they are clearly erroneous . . . ."); *Davis v. Zlatos*, 211 Ariz. 519, 523–24 (App. 2005) ("Factual findings are not clearly erroneous if substantial evidence supports them, and substantial evidence is evidence which would permit a reasonable person to reach the trial court's result.") (citation modified).

**¶11**     Mother's disagreement with the court's weighing of the evidence does not entitle her to relief. Therefore, the court did not abuse its discretion in declining to deviate from the Guidelines. *See Simpson*, 224 Ariz. at 225 ¶ 4.

## CONCLUSION

**¶12**     We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR