IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

KARA D. HELLAND, *Petitioner/Appellant/Cross-Appellee*,

*v.*

STEVEN W. HELLAND, *Respondent/Appellee/Cross-Appellant*

No. 1 CA-CV 13-0227
FILED 10-30-2014

Appeal from the Superior Court in Navajo County
No. S0900DO201000618
The Honorable Robert B. Van Wyck, Judge *Retired*

**AFFIRMED**

COUNSEL

Sherman & Howard LLC, Phoenix
By Thomas M. Quigley
*Counsel for Petitioner/Appellant/Cross-Appellee*

Davis Miles McGuire Gardner PLLC, Tempe
By Douglas C. Gardner
*Counsel for Respondent/Appellee/Cross-Appellant*

---

**OPINION**

Judge Lawrence F. Winthrop delivered the opinion of the Court, in which Presiding Judge Patricia K. Norris and Judge John C. Gemmill joined.

---

**W I N T H R O P,** Judge:

¶1        Kara D. Helland (Wife) appeals those portions of the superior court's Decree of Dissolution allocating a disability policy purchased by the marital community to Steven W. Helland (Husband) as his separate property. Wife also appeals the superior court's determination that she had not proven waste of the community-owned medical practice. Husband appeals that portion of the decree awarding spousal maintenance to Wife. For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Husband and Wife were married in 1989. Husband worked as an anesthesiologist until 2000, when a disability left him unable to perform that occupation. At that time, Husband began receiving benefits pursuant to an "own occupation" disability insurance policy the community purchased in 1995, which pays benefits to Husband because he is no longer able to perform the occupation he held when the community purchased the policy. Thus, Husband received benefits under the policy because he can no longer practice anesthesiology, even though he remained able to practice in other areas of medicine or work in another field. The policy provides a monthly payment to Husband until he reaches the age of sixty-five, does not require Husband to continue to pay policy premiums during his disability, and automatically increases the monthly payments each year. At the time of trial, Husband received $14,984.80 in benefits each month.

¶3        After Husband's disability, he retrained as a pain management specialist and Husband and Wife established a pain management medical practice in Show Low, Arizona. Wife managed the business. As a result of Husband's unrelated criminal activities, the Arizona Medical Board revoked Husband's medical license in July 2011; thus, he could not continue to operate the medical practice. Before Husband's medical license was revoked, the parties sold the practice and the building in which it operated to another physician for $750,000.

2

¶4 Wife filed this dissolution action in November 2010. The superior court conducted a three-day trial concerning the division of community property and spousal maintenance. The court ruled that the income from the disability insurance policy became Husband's sole and separate property when the marriage was terminated by the filing of the dissolution action. The court rejected Wife's argument that Husband's criminal activities constituted waste that destroyed part of the value of the medical practice and denied her request for an equalization payment or credit. The court determined Wife was entitled to spousal maintenance pursuant to Arizona Revised Statutes ("A.R.S.") section 25–319(A)[1] and awarded her $5,000 per month for seven years.

¶5 After the superior court ruled on Husband's post-trial motions, Wife timely appealed and Husband timely cross-appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## ISSUES

¶6 Wife argues the superior court erred as a matter of law in concluding that the benefits received from the disability insurance policy after the termination of the marriage are Husband's sole and separate property. Wife also contends the court abused its discretion by ruling she failed to prove her claim of waste concerning the medical practice.

¶7 Husband challenges the court's decision to award Wife spousal maintenance. He also challenges the amount and duration of the award.

## ANALYSIS

I. *Division of Property*

¶8 We apply an abuse of discretion standard when reviewing the superior court's division of property, but review the court's characterization of property *de novo*. *In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15, 5 P.3d 911, 915 (App. 2000).

---

[1] Unless otherwise noted, we cite the current version of all statutes when no material revisions have occurred since the time of the events at issue.

*A.      Disability Insurance Policy*

**¶9**          Wife argues the superior court erred in ruling that the disability benefits Husband received after service of the petition were his sole and separate property.

**¶10**          The primary purpose of disability insurance is to insure against the risk of loss of the insured's future earning capacity. *Hatcher v. Hatcher*, 188 Ariz. 154, 158, 933 P.2d 1222, 1226 (App. 1996). "While the marital community exists, a disabled spouse's reduced earning capacity results in a loss to the community. At dissolution, however, the loss to the community ceases and any reduced earning capacity becomes the separate loss of the disabled spouse." *Id.* (citations omitted). Thus, Arizona law establishes that any portion of disability proceeds that represents compensation for post-dissolution earnings of the injured spouse is the separate property of that spouse. *In re Marriage of Kosko*, 125 Ariz. 517, 519, 611 P.2d 104, 106 (App. 1980) (holding that "disability benefits are the separate property of the disabled spouse after dissolution, just as the income of a nondisabled spouse after dissolution is his or her separate property"); *McNeel v. McNeel*, 169 Ariz. 213, 214-15, 818 P.2d 198, 199-200 (App. 1991) (holding wife was not entitled to share in monies paid to husband as result of his medical disability because those benefits were husband's separate property). Nevertheless, Wife contends that because the disability insurance policy was purchased, and all premiums were paid, during the marriage, the policy remains a community asset and she is entitled to share in its benefits.

**¶11**          Generally, property acquired during the marriage is presumed to be community property, and property acquired after service of a petition for dissolution is presumed to be separate property. A.R.S. § 25-211(A). However, the Arizona Supreme Court has rejected a narrow construction of the word "acquired" and stated it must be applied "in the light of the uses and purposes of community property and the establishment of community right." *Jurek v. Jurek*, 124 Ariz. 596, 598, 606 P.2d 812, 814 (1980). Therefore, compensation for a spouse's personal injuries – even if received during the marriage - belongs to that spouse as separate property. *Id.*[2] Moreover, we have previously rejected the argument that the source of the payments for a disability policy establishes its nature: "the determination that a disability insurance policy was

_____

[2]      In such a case, the community may recover any amounts it paid for medical expenses and any lost wages that resulted from the injury. *Id*.

4

acquired with community funds does not necessarily lead to the conclusion that the disability benefits are community property." *Hatcher*, 188 Ariz. at 157, 933 P.2d at 1225.

**¶12**　　　　Further, Wife's argument misapprehends the nature of a disability policy. Although the policy is contractual, it is not an annuity or other investment with an expected rate of return, as disability benefits are paid only under certain conditions and are contingent upon the insured's ongoing disability. Accordingly, the community did not acquire a right to future disability benefits payments when it purchased the policy. *See generally Potthoff v. Potthoff*, 128 Ariz. 557, 561, 627 P.2d 708, 712 (App. 1981) ("Time of acquisition" for purposes of community property means the time when "the right to obtain title occurs, not to the time when legal title actually is conveyed."(citation omitted)).[3]

**¶13**　　　　Wife contends the superior court erred by not following this court's decision in *Flowers v. Flowers*, 118 Ariz. 577, 578 P.2d 1006 (App. 1978), in which we held that disability retirement benefits received from the United States Civil Service were community property subject to apportionment. *Id.* at 579, 578 P.2d at 1008. As we noted in *Davies v. Beres*, 224 Ariz. 560, 564 n.6, ¶ 14, 233 P.3d 1139, 1143 n.6 (App. 2010), the reasoning of the *Flowers* decision is no longer sound because it was based on an Arizona rule – abandoned by the Arizona Supreme Court in *Jurek* – that damages recovered for personal injuries sustained during marriage were community property. For the same reason, we decline to follow the dicta set forth in *Flowers* that disability benefits purchased with community funds should be considered community assets. *Flowers*, 118 Ariz. at 581, 578 P.2d at 1010 (Jacobson, J., specially concurring).

---

[3]　　　*Van Loan v. Van Loan*, 116 Ariz. 272, 569 P.2d 214 (1977), holding that the marital community acquires a property right in unvested pension benefits upon performance by the employee spouse, does not change this analysis. The *Van Loan* decision was based on the court's determination that pension benefits are a form of deferred compensation and therefore any portion of retirement benefits earned during marriage is property of the community. *Id.* at 273, 569 P.2d at 215 (internal citations omitted). Disability benefits, by contrast, are not "earned," but are contingent upon certain events that may never occur. *Cf. Fund Manager, Pub. Safety Pers. Ret. Sys. v. City of Phoenix Police Dep't Pub. Safety Pers. Ret. Sys. Bd.*, 151 Ariz. 487, 489, 728 P.2d 1237, 1239 (App. 1986) (holding "a public employee's right to or interest in a disability pension vests upon the occurrence of the event or condition which would qualify him for such pension-the injury").

¶14 Wife also asserts the superior court erred by relying on *Bugh v. Bugh*, 125 Ariz. 190, 192, 608 P.2d 329, 331 (App. 1980), a decision in which we determined that worker's compensation benefits paid after dissolution are the worker's separate property. We reasoned that because worker's compensation is an award for lost earning capacity, not personal injuries or pain-and-suffering, compensation paid during the marriage replaces earnings that would otherwise belong to the community and is community property and compensation paid after dissolution is the worker's separate property. *Id.* Our decision in *Bugh* is limited to worker's compensation awards. Our analysis was consistent, however, with Arizona law concerning interpretation of the term "acquired" in A.R.S. § 25-211 and the separate nature of an award intended to compensate a spouse for an individual loss.

¶15 The superior court did not err by determining that the disability benefits received after the date of service of the petition are Husband's sole and separate property.

### B. *Waste of a Community Asset*

¶16 Wife contends the superior court erred by rejecting her argument that Husband wasted a community asset by committing crimes that devalued the parties' medical practice, resulting in a reduced sale price.[4]

¶17 The superior court is specifically authorized to consider a spouse's destruction of joint property when apportioning community property. A.R.S. § 25-318(C); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 6, 972 P.2d 676, 679 (App. 1998). When the court determines one spouse has wasted or dissipated marital assets, it may apportion the community property in a manner designed to compensate the other spouse for the waste. *Martin v. Martin*, 156 Ariz. 452, 458, 752 P.2d 1038, 1044 (1988). The spouse alleging waste must make a *prima facie* showing to support his or her claim; the other spouse then bears the burden to demonstrate the absence of waste. *Gutierrez*, 193 Ariz. at 346–47, ¶ 7, 972 P.2d at 679–80.

¶18 In this case, Wife alleged the revocation of Husband's medical license made it impossible for the community to continue the medical practice and the community was forced to sell the business at a non-market

---

[4] On appeal, neither Husband nor Wife discuss whether criminal activity could be considered waste. Accordingly, we do not address this issue.

rate. The superior court found Wife did not sustain her burden to show that Husband's criminal acts devalued the medical practice.

¶19 The evidence showed that the parties sold the medical practice, after negotiations, to a third-party physician for $750,000 in March 2011. Husband testified it is very unusual for a medical practice to be sold, and he received more for the practice than he expected. Husband also offered expert testimony that the best indication of the medical practice's fair market value was the price a third-party buyer was willing to pay for it.

¶20 Although Husband's expert on cross-examination acknowledged that a theoretical valuation model based on the medical practice's assets would assign a value $190,000 higher than the sale price, that assessment is not inconsistent with his opinion that the actual sale price is the best measure of the company's value. Moreover, even if the practice was sold at a discount, Wife did not establish a *prima facie* case that the reduced price was due to Husband's criminal acts, especially given the evidence that there is a limited market for this type of business – a specialty medical practice in a rural area.

¶21 The superior court was free to accept or reject part or all of any expert's opinion in determining the value of the business. *See State v. Bishop*, 162 Ariz. 103, 107, 781 P.2d 581, 585 (1989) (stating that a trial judge is not required to wholly accept or reject expert testimony). We find no abuse of discretion in the superior court's determination Wife did not carry her burden to show Husband's criminal acts decreased the value of the medical practice and constituted waste of marital assets.

II. *Spousal Maintenance*

¶22 Husband contends the superior court erred in awarding Wife spousal maintenance and also challenges the amount and duration of the court's award. We review the award of spousal maintenance for an abuse of discretion and will affirm the judgment if there is any reasonable evidence to support it. *Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 9, 160 P.3d 231, 233 (App. 2007).

A. *Entitlement to Spousal Maintenance*

¶23 As relevant here, Arizona Revised Statutes section 25-319(A) provides that the superior court may award spousal maintenance if it finds that a spouse:

2.      Is unable to be self-sufficient through appropriate employment or is the custodian of a child whose age or condition is such that the custodian should not be required to seek employment outside the home or lacks earning ability in the labor market adequate to be self-sufficient.

. . . .

4.      Had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.

**¶24**      The superior court may award spousal maintenance when any one of the statutory factors is present. A.R.S. § 25-319(A); *Cullum*, 215 Ariz. at 354, ¶ 11, 160 P.3d at 233. We review the record for evidence supporting the court's ruling that Wife qualifies for maintenance pursuant to A.R.S. § 25-319(A). *Cullum*, 215 Ariz. at 354, ¶ 11, 160 P.3d at 233.

**¶25**      The superior court found Wife was entitled to an award of spousal maintenance because she is unable to be self-sufficient through appropriate employment, the marriage was of a long duration, and her age may preclude the possibility of gaining employment that would be adequate to allow her to be self-sufficient. Husband argues Wife is fully employable and received sufficient assets in the dissolution to provide for her reasonable needs.

**¶26**      Wife offered evidence that she suffers from post-traumatic stress disorder (PTSD), which prevents her from working. Her therapist testified that PTSD is a debilitating condition from which she did not expect Wife to recover for three to five years. Wife also presented the opinion of a rehabilitation counselor and life-care planner that, given Wife's age, work history, and medical condition, it is unlikely she will be able to return to work even if she recovers from her PTSD within three to five years. Husband argues that despite this evidence, the court erred because Wife is physically able to work, Wife's therapist testified that she expects Wife will make a full recovery, and Wife's therapist acknowledged that even a partial recovery would increase Wife's ability to function. Considering the entire record, Wife offered evidence to support the superior court's finding that, even after Wife recovers, she is unlikely to return to work.

**¶27**      The superior court also specifically considered the assets awarded to Wife in the dissolution, but found they were not sufficient to provide for her reasonable needs because while "significant in the abstract,

. . . a great portion of the assets are in retirement accounts, and much of the land and residential property is far from a liquid asset in this market."[5]  *See Cullum*, 215 Ariz. at 354, ¶ 11, 160 P.3d at 233 (stating a court should not require a spouse seeking maintenance to "use up" property when determining if he or she is eligible for maintenance, but should consider the income potential of that property); *Gutierrez*, 193 Ariz. at 348, ¶ 20, 972 P.2d at 681 (holding spouse "should not be compelled to withdraw the money in the retirement account to supplement her modest income").  On this record, we find no abuse of discretion in the superior court's finding that Wife is entitled to an award of spousal maintenance.

### B.      *Amount and Duration of Spousal Maintenance*

**¶28**          If the superior court determines a spouse is entitled to an award of spousal maintenance, it must then consider the thirteen factors set forth in A.R.S. § 25-319(B) to determine the amount and duration of the award.  An order for payment of spousal maintenance should promote a transition to financial independence for the receiving spouse while allowing a "reasonable approximation of the standard of living established during the marriage."  *Rainwater v. Rainwater*, 177 Ariz. 500, 503, 869 P.2d 176, 179 (App. 1993) (internal citation omitted).  Husband contends the superior court's decision to award Wife spousal maintenance of $5,000 per month for seven years was an abuse of discretion.

**¶29**          Wife testified she had reduced her monthly expenses as much as she could, but her reasonable needs still totaled approximately $8,655, which, as established at trial, is consistent with the parties' lifestyle during the marriage.  A significant portion of the assets Wife received in the dissolution were held in retirement accounts that she could not access without penalty.  At the time of trial, Wife was fifty-five years old and unable to work full-time for at least three to five years while she recovered from her mental health conditions.  Moreover, Wife offered credible evidence that even if she recovered, her opportunities would be limited to an administrative/clerical position and it was unlikely she would find employment.  Further, although Husband receives approximately $15,000

---

[5]      The assets apportioned to Wife include the marital residence and furnishings, an undeveloped residential property, her vehicle, and one half of the community's interest in various retirement accounts.  The court also awarded Wife a second vehicle and a motorboat and trailer, each valued at less than $5,000, and several pieces of artwork, which the parties agreed had little value.

per month in disability benefits, his current monthly expenses are *de minimus* as a result of his incarceration. Given this evidence, we find no clear error in the superior court's decision to award Wife $5,000 per month as spousal maintenance.

¶30 We also reject Husband's argument that the court erred by awarding Wife spousal maintenance for a period of seven years. There was significant evidence that Wife is unlikely to ever return to work, given her age and mental health conditions. The court's award of spousal maintenance for seven years will continue until Wife is sixty-three, when she is more likely to be able to achieve financial independence through withdrawals from her retirement accounts and/or receipt of Social Security benefits.

¶31 Both Husband and Wife request an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324, which permits a court to make such an award after it considers the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings. In the exercise of our discretion, we deny both requests.

**CONCLUSION**

¶32 For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : 10/30/2014