NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

AMBER LYNN MICHAEL, *Petitioner/Appellee*,

*v.*

JAMES ANDREW MICHAEL, *Respondent/Appellant*.

No. 1 CA-CV 14-0436
FILED 3-12-2015

Appeal from the Superior Court in Maricopa County
No. FC2013-007720 and FC2013-071942 (Consolidated)
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

COUNSEL

Becker Zarling & Moye Law, Avondale
By Gina M. Becker-Zarling
*Counsel for Petitioner/Appellee*

Steven D. Keist, PC, Glendale
By Jackson L. Walsh
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Peter B. Swann joined.

---

**C A T T A N I**, Judge:

¶1         James Michael ("Father") appeals from the provisions of the decree dissolving his marriage to Amber Michael ("Mother") relating to legal decision-making for their child, parenting time, and property division. Father argues the court erred by improperly restricting the presentation of his case during the dissolution trial and by awarding Mother sole legal decision-making and more than equal parenting time. For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2         Mother and Father were married in November 2008. They have one child together, born in May 2012.

¶3         In late August 2013, Mother sought an order of protection against Father for herself and the child, citing alleged stalking behavior. The court issued an order of protection, but later modified the order (with the parties' agreement) to exclude the child.

¶4         In September 2013, both Mother and Father filed petitions for dissolution of marriage, which were consolidated into a single suit. While the proceeding was pending, the parties repeatedly disagreed about parenting time and scheduling concerns: Mother insisted that Father receive only supervised time with the child, and the parties were unable to agree on how to select individuals for such supervision.

¶5         Father is a registered sex offender, apparently stemming from a 2004 offense involving possession of child pornography. Mother was aware of his sex offender status and the circumstances of the offense before the marriage.

¶6         After a two-hour evidentiary hearing, the superior court entered the dissolution decree and awarded each party the personal property in his or her possession. The court also made written factual findings regarding parenting issues and the best interests of the child. The

2

court found that Father had engaged in domestic violence, noting his stalking behavior and the order of protection that remained in effect, and that Father was a registered sex offender, and accordingly awarded Mother sole legal decision-making. The court granted Father unsupervised parenting time every other weekend—beginning with part of the weekend, then progressing to full weekends after six months—and made an express finding that unsupervised parenting time was appropriate despite Father's sex offender status. After noting that no evidence had been presented suggesting Father was a danger to the child or had interacted with him inappropriately, the court specifically found that the circumstances underlying Father's sex offender status would not create a danger for the child if Father were granted unsupervised parenting time.

¶7        Father timely appealed from the decree. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).[1]

## DISCUSSION

¶8        We review the superior court's legal decision-making and parenting time decisions for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11, 304 P.3d 1093, 1096 (App. 2013). In light of that court's "superior position and unique perspective in evaluating the sufficiency of evidence," *Acuna v. Kroack*, 212 Ariz. 104, 113, ¶ 35, 128 P.3d 221, 230 (App. 2006), we assess only whether "the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision," *Little v. Little*, 193 Ariz. 518, 520, ¶ 5, 975 P.2d 108, 110 (1999) (citation omitted). We similarly review the court's division of property for an abuse of discretion. *Helland v. Helland*, 236 Ariz. 197, 199, ¶ 8, 337 P.3d 562, 564 (App. 2014).

¶9        Father first argues that the dissolution trial procedure was fundamentally unfair. He asserts that the superior court unilaterally and without notice shortened the proceeding to only two hours instead of the scheduled three hours. Contrary to Father's assertion, the hearing was in fact scheduled for two hours. Although one minute entry subsequent to the trial setting noted the allotted time as three hours, Father's pretrial statement acknowledged that "two hours for trial in this matter is appropriate," and, at the hearing, Father's counsel expressed no surprise and raised no objection to the two-hour timetable.

---

[1]        Absent material revisions after the relevant date, we cite a statute's current version.

¶10        Father also claims that the court improperly allowed him only approximately one quarter of the total time to present his case, whereas Mother received around three quarters of the time allotted. Accounting for the amount of time that Father's counsel cross-examined witnesses called by Mother, however, the hearing transcript shows no substantial imbalance in the time allowed for each side.

¶11        Father further asserts that the court's rigid adherence to an arbitrary time limit did not allow him adequate time to present evidence relevant to the property division. This court has recognized that the superior court is vested with broad discretion to impose reasonable time limits, *see* Ariz. R. Fam. Law P. 22(1), but may not adhere to rigid time limits if doing so would operate to eliminate any meaningful opportunity for the parties to present evidence. *Volk v. Brame*, 235 Ariz. 462, 464, 468, ¶¶ 1, 20–21, 333 P.3d 789, 791, 795 (App. 2014) (holding that the court's refusal to allow additional time beyond the originally-scheduled 15 minutes for an "evidentiary" hearing—regarding a material contested issue hinging on credibility—violated the parties' due process rights).

¶12        Here, there is no indication that the two-hour time limit was unreasonable. Father's counsel examined each witness extensively regarding the child, the parties' relationship, and parenting time, as well as each party's income and expenses. Father's pretrial statement referenced a "[l]ist of items removed from house by [Mother] that are either separate property of [Father] or community property to be divided" as a potential exhibit, but not as a contested issue. Father's counsel did not ask any witnesses about this personal property, and did not offer the list into evidence. Moreover, Father's counsel never mentioned these items when the court clarified which issues remained contested—legal decision-making, parenting time, and child support—at the time of the hearing. Under these circumstances, Father has not shown error.

¶13        Finally, Father argues that the superior court provided insufficient justification for its decision to award sole legal decision-making to Mother and to award less than equal parenting time to Father. When determining legal decision-making and parenting time, the superior court must consider all relevant factors weighing on the child's best interests, including certain factors enumerated by statute; if the issues are contested, the court must set forth these findings on the record. A.R.S. § 25-403; *see also Hurd v. Hurd*, 223 Ariz. 48, 51, ¶ 11, 219 P.3d 258, 261 (App. 2009). In addition to the best interests factors described in § 25-403(A), other statutes set forth rebuttable presumptions against awarding legal decision-making or unsupervised parenting time to a parent who has committed domestic

4

violence against the other or is a registered sex offender.  A.R.S. §§ 25-403.03(D)–(F), -403.05(A)(1).

¶14        Father claims that the court failed to adequately explain its conclusion that granting Mother sole legal decision-making would be in the child's best interests.  But the court entered specific written findings as to each best interests factor listed in § 25-403(A), including a finding that Father had committed domestic violence by stalking Mother (which led to the order of protection), *see* A.R.S. §§ 13-3602(A), -3601(A)(1), -3923; each legal decision-making factor in § 25-403.01(B), including the parents' inability to cooperate in joint decision-making and Mother's desire for sole decision-making authority given Father's sex offender status; and that Father was a registered sex offender.  Each of these findings was supported by testimony at trial, and all support the award of sole legal decision-making to Mother.

¶15        The court expressly found Father had not rebutted the presumption (arising from Father's acts of domestic violence against Mother) favoring sole decision-making for Mother.  *See* A.R.S. § 25-403.03(D).  Although Father argues that the court did not explain its analysis of factors relevant to rebutting the domestic-violence presumption, *see* A.R.S. § 25-403.03(E), he does not claim to have rebutted the presumption and does not point to any evidence that would meet his burden to do so.  Moreover, Father does not address the separate statutory presumption against awarding legal decision-making to a registered sex offender.  *See* A.R.S. § 25-403.05(A)(1).  Although the court found that unsupervised parenting time with Father would present no significant risk to the child, it made no such finding regarding legal-decision making.  *See* A.R.S. § 25-403.05(A).

¶16        Father also claims that the court showed "no logical consistency" in awarding him less than equal parenting time despite its decision that unsupervised parenting time was appropriate.  The court specifically found that the circumstances of Father's sexual offense did not create a danger for the child, and more generally noted that Father did not present a danger to the child.  But these were the baseline findings necessary to allow Father any parenting time (or unsupervised parenting time), not a justification for equal parenting time.  *See* A.R.S. § 25-403.03(F) (requiring that parent who committed domestic violence show that any parenting time would not endanger the child); A.R.S. § 25-403.05(A)(1) (precluding unsupervised parenting time for a sex offender absent a written finding concluding there would be no significant risk to the child).

5

¶17 Moreover, the court, while noting Father's desire to reach equal parenting time and his successful supervised visits, also recognized that Father had only had limited contact with the child while the dissolution proceedings were pending, including almost eight months without any contact. Although the court is directed to adopt a plan that maximizes each parent's parenting time, the plan must be consistent with the child's best interests. A.R.S. § 25-403.02(B). In these circumstances, Father has not shown that the court's graduated parenting plan leading to unsupervised parenting time every other weekend was not in the child's best interests. Accordingly, we affirm.

¶18 Both parties request an award of attorney's fees under A.R.S. § 25-324. In our discretion, we deny both requests.

**CONCLUSION**

¶19 The superior court's decision is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama