NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JILL J. LACY, *Petitioner/Appellant*,

*v.*

JOHN KEVIN LACY, *Respondent/Appellee*.

No. 1 CA-CV 17-0437 FC
FILED 5-8-2018

Appeal from the Superior Court in Yavapai County
No. V1300DO201580401
The Honorable Jeffrey G. Paupore, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Jill J. Lacy, Tucson
*Petitioner/Appellant*

Aspey Watkins & Diesel, PLLC, Flagstaff
By Zachary J. Markham, John W. Carlson
*Counsel for Respondent/Appellee*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge David D. Weinzweig joined.

**C R U Z**, Judge:

¶1 Jill J. Lacy ("Wife") appeals the superior court's entry of a decree of dissolution denying her spousal maintenance, ordering her to pay John K. Lacy's ("Husband") attorneys' fees, and declining to order attorneys' fees and sanctions against Wife's counsel. For the following reasons, we affirm the court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Wife filed for divorce in November 2015. Three months later the parties entered into an Arizona Rule of Family Law Procedure ("Rule") 69 agreement providing Husband agreed to pay Wife $1,250 per month in spousal maintenance. It also provided, in part, that Wife would take possession of the couple's fifth-wheel trailer so she could live in it.

¶3 Wife and her counsel, Judd S. Nemiro, failed to appear at the first status conference for setting the trial date. Mr. Nemiro then failed to appear at the first trial date and a status conference in March 2017. The court filed a petition for civil contempt pursuant to Rule 92, ordered the presence of Wife's counsel for a hearing as to why civil contempt should not be entered against him, and bifurcated the hearing from the dissolution of marriage. It then stated that if a finding of contempt was made against Mr. Nemiro, it would consider the award of Husband's reasonable attorneys' fees and costs as a sanction against him. Wife acquired new counsel for the final trial date.

¶4 At trial, Wife testified she was too disabled to work because of multiple injuries and a hearing disability. However, the parties' now-adult daughter Paige testified that although Wife was fifty-percent deaf in one ear, the instances in which Wife was not able to hear her were limited. Additionally, witness Matthew Brothers testified that Wife had lived with him for approximately six months, and that he and Wife had selectively provided medical records to Wife's attorney to make it appear that Wife was disabled. Paige also said she knew Wife to be a healthy individual, able to do many physically-rigorous tasks, and fully able to support herself and work outside the home. Both Brothers and Paige denied that Wife had lived in the fifth-wheel trailer, and Brothers and Wife stated Wife sold the trailer without permission of the court.

¶5 After trial, the superior court issued a decree of dissolution of marriage and, although neither party requested the court make findings of fact and conclusions of law pursuant to Rule 82(A), it made several

findings. For one, it determined insufficient medical evidence supported Wife's claims regarding her inability to work and Wife and Brothers had created a "scheme to try to show that [Wife] was disabled and unable to work." Further, it found Wife was not eligible for spousal maintenance and did not act in good faith by selling the fifth-wheel trailer without the court's permission. It then ordered Wife to pay Husband's attorneys' fees and costs.

¶6        Within a week of the trial, the superior court held a hearing on the order to show cause set against Mr. Nemiro. It noted Mr. Nemiro failed to appear in court on four separate occasions, and it found he had willfully violated at least two direct orders to appear without legal cause and was in violation of Rule 92. The court further noted Mr. Nemiro was given adequate notice of the proceedings, found he had violated the April 2017 order to appear, and issued a civil arrest warrant pursuant to Rule 92. The court also set Mr. Nemiro's bond at $10,000, ordering that if he posted the bond, "the funds shall be transferrable to Respondent" in partial satisfaction of Husband's attorneys' fees. After Mr. Nemiro was arrested and brought before the court, the court amended its order to state that the bond paid by Mr. Nemiro "shall be held by the Clerk of Court until further order of this Court." Though Husband subsequently moved for an award of attorneys' fees against Mr. Nemiro and requested the $10,000 bond posted on Mr. Nemiro's behalf be relinquished to Husband, the court denied the motion.

¶7        Wife timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

¶8        Wife argues the superior court abused its discretion by: (1) denying her requested spousal maintenance; (2) ordering her to pay $17,700 in attorneys' fees to Husband; and (3) failing to order attorneys' fees and sanctions against her former counsel, Mr. Nemiro.

I.        Spousal Maintenance

¶9        Wife argues the superior court abused its discretion by finding she was not entitled to spousal maintenance. We disagree.

¶10        We review an award of spousal maintenance for an abuse of discretion. *Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9 (App. 2007). "An abuse of discretion exists when the record, viewed in the light most

favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 14 (App. 2003). We "may infer from any judgment the findings necessary to sustain it if such additional findings do not conflict with express findings and are reasonably supported by the evidence." *Thomas v. Thomas*, 142 Ariz. 386, 390 (App. 1984) (quotations omitted). We defer to the superior court's determination of witnesses' credibility and the weight to give to conflicting evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998).

¶11        The superior court may grant an order for spousal maintenance if it finds that the spouse seeking maintenance: (1) "[l]acks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs"; (2) "[i]s unable to be self-sufficient through appropriate employment . . . or lacks earning ability in the labor market adequate to be self-sufficient"; (3) "[c]ontributed to the educational opportunities of the other spouse"; or (4) "[h]ad a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient." A.R.S. § 25-319(A). The court may take into consideration a party's misrepresentation of income and attempt to conceal assets when awarding spousal maintenance. *Thomas*, 142 Ariz. at 392.

¶12        Sufficient evidence supports the superior court's credibility determination and finding that Wife was not eligible for spousal maintenance. Although Wife stated she did not have enough assets to provide for her reasonable needs, she was apportioned half of Husband's 401(k), valued at $142,000, as well as half of his pension, and, at Husband's request, she was not apportioned any of the community debt. Husband, on the other hand, assumed all the community debt, including all debts incurred by Wife since the date of the parties' separation, and the obligation to provide the Qualified Domestic Relations Orders to divide his 401(k) and pension account. Additionally, Wife was awarded use of the fifth-wheel trailer pursuant to the court's temporary orders and the court found she sold it for her sole financial benefit without the court's permission prior to the dissolution of the marriage. The superior court accordingly did not abuse its discretion by implicitly finding Wife did not "lack[] sufficient property, including property apportioned to her, to provide for her reasonable needs" pursuant to A.R.S. § 25-319(A)(1).

¶13        Additionally, sufficient evidence supports the superior court's implicit findings that Wife was neither "unable to be self-sufficient through appropriate employment" nor "of an age that may preclude the

possibility of gaining employment adequate to be self-sufficient" pursuant to A.R.S. § 25-319(A)(2), (4). Although Wife presented evidence of her age of 53, she presented no evidence indicating that age may preclude the possibility of gaining employment. *Cf. Helland v. Helland*, 236 Ariz. 197, 202, ¶¶ 26-27 (App. 2014) (affirming trial court's award of spousal maintenance where spouse presented opinion evidence showing it was unlikely she would be able to return to work within three to five years).

¶14　　　　With regards to her health, Wife produced a medical record ostensibly showing her loss of hearing, and her daughter testified that she was fifty-percent deaf in one ear. The daughter also testified, however, that the instances in which Wife was not able to hear her were limited and, despite Wife's hearing difficulties, "the message and the conversation can definitely be done." Furthermore, although Wife provided a medical record addressing her other health concerns, Brothers testified that he and Wife had devised a plan to make Wife seem disabled by selectively producing Wife's medical records and by having Wife not work until after the conclusion of the divorce proceedings. He also stated that, based upon what he saw during the six-month period in which Wife lived with him, he believed Wife could work full-time. Paige also testified she knew Wife to be a healthy individual who could do many physically-rigorous tasks, and she believed Wife was fully able to support herself and work outside the home. Finally, Paige stated Wife had worked at a department drugstore during the divorce proceedings but quit after a couple of weeks "because she felt like it was too rinky-dink for her." This evidence supports the court's implicit finding that Wife was not "unable to be self-sufficient through appropriate employment" or "of an age that may preclude the possibility of gaining employment adequate to be self-sufficient" pursuant to A.R.S. § 25-319(A)(2), (4).

¶15　　　　Finally, sufficient evidence supports the superior court's implicit finding that Wife did not contribute to Husband's educational opportunities so as to qualify for spousal maintenance. Wife admitted Husband had only attended one credit to finish his bachelor's degree during their marriage and that he did not incur any additional debt by doing so. Additionally, Husband testified he worked full-time while attending the course and did not take any time off. Although Wife argues she paid for Husband's student loan debt that he obtained before marriage with her 401(k) from before the marriage, she testified she did so in order for the couple to qualify for financing of the marital home, a community obligation and asset. In light of all the evidence presented, the court did not abuse its discretion by denying Wife spousal maintenance.

II.     Attorneys' Fees

**¶16**        The superior court has discretion to award attorneys' fees, and we will not disturb the award absent an abuse of discretion. *Gutierrez*, 193 Ariz. at 351, ¶ 32.  The court may award fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings[.]"  A.R.S. § 25-324(A).[1]

**¶17**        Sufficient evidence supports the superior court's implicit finding that the parties' financial resources and Wife's unreasonable positions at trial were considered.  The court awarded Wife her portion of Husband's 401(k), half of his pension, and zero debt, while Husband was apportioned all of the community debt, including some of the debt Wife incurred after the commencement of the dissolution proceedings, and a home with no equity.  The court also implicitly found Wife had acted in bad faith by selling the fifth-wheel trailer without the court's permission.  The evidence shows the court also found Brothers and Wife had created a "scheme" to make Wife appear disabled, including misrepresenting Wife's medical history and failing to work during the divorce proceedings despite having the ability to do so.  We accordingly find no abuse of discretion.

III.    Sanctions

**¶18**        Wife argues the superior court erred by failing to sanction her counsel for his failure to appear.  We review the imposition of sanctions for an abuse of discretion.  *Hmielewski v. Maricopa Cty.*, 192 Ariz. 1, 4, ¶ 13 (App. 1997).

**¶19**        The superior court has "the inherent power to sanction bad faith conduct during litigation independent of the authority granted by [Arizona Rule of Civil Procedure] 11."  *Id.* at ¶ 14.  "The rules of conduct for attorneys contained in the Rules of the Arizona Supreme Court also provide a legal basis for impositions of sanctions against attorneys."  *Id.* Additionally, the court may, as necessary, rely on its contempt powers to address lawyer misconduct, such as the failure to attend a previously-scheduled court hearing.  "Failure of counsel to be present [for a hearing] as required by the court may constitute both a breach of professional duty and a disruption of the judicial process punishable as criminal contempt."

---

[1]        Although the superior court awarded fees pursuant to A.R.S. § 12-349, this appears to be scrivener's error.  Regardless, the error is harmless because the record indicates sufficient support for the award of attorneys' fees to Husband under A.R.S. § 25-324.

*Hamilton v. Mun. Court of the City of Mesa*, 163 Ariz. 374, 377 (App. 1989). But there is no legal authority, and Wife cites to none, which supports the proposition that a court abuses its discretion by failing to exercise its powers against her counsel.

**¶20** Although the superior court initially incorrectly relied on Rule 92 to impose sanctions against Mother's counsel,[2] it later clarified that it did not look to Wife's counsel to pay Husband's attorneys' fees and costs as a sanction. Instead, it bifurcated the proceedings regarding the parties' divorce and Wife's counsel, and it amended its earlier order to indicate that the bond paid by Wife's counsel would be held by the clerk of court until further order of the court. The superior court enjoys broad discretion in determining the most appropriate manner in which to address the unprofessional conduct of the attorneys who appear before it. *Hmielewski*, 192 Ariz. at 4, ¶¶ 13-14. Because of this discretion, the court's correction to its earlier order, and the court's independent basis for awarding attorneys' fees and costs against Wife separate and apart from Mr. Nemiro's unprofessional conduct, *supra* ¶¶ 16-17, we conclude the court did not abuse its discretion by failing to order Wife's counsel to pay Husband's attorneys' fees and costs as a sanction.

IV.     Attorneys' Fees on Appeal

**¶21** Both parties request attorneys' fees and costs on appeal. We decline to award fees to either party.

**CONCLUSION**

**¶22** For the foregoing reasons, we affirm the court's orders.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[2]     We assume without deciding that Rule 92 is applicable only to parties to an action, not to legal counsel. *See Hmielewski*, 192 Ariz. at 4, ¶ 14 (providing the Rules of the Arizona Supreme Court provide a legal basis for sanctions against attorneys in addition to Arizona Rule of Civil Procedure 11).