NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ANTON NGUYEN, *Petitioner/Appellant,*

*v.*

KIMQUY THI TRINH, *Respondent/Appellee.*

No. 1 CA-CV 20-0325 FC
FILED 2-9-2021

Appeal from the Superior Court in Maricopa County
No. FN2018-094469
The Honorable Adele Ponce, Judge

**AFFIRMED**

COUNSEL

Robert F. Gehrke Attorney at Law, Phoenix
By Robert F. Gehrke (deceased)
*Counsel for Petitioner/Appellant*

Anton Nguyen, Chandler
*Petitioner/Appellant*

Fuqua Law Firm PC, Chandler
By Barbara L. Fuqua
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

---

**B A I L E Y**, Judge:

¶1            Anton Nguyen ("Husband") appeals the superior court's approval of an Arizona Rule of Family Law Procedure ("Rule") 69 agreement and entry of a decree of dissolution. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            Husband and Kimquy Thi Trinh ("Wife") married in Vietnam in 1975.  In October 2018, Husband filed for dissolution.  Before Wife filed a response, the parties' adult daughter worked with Husband to draft a Rule 69 agreement ("Agreement") that divided some but not all of the parties' property.  Although counsel represented Husband at the time, Husband signed the Agreement in January 2019 without his counsel present.  Wife signed shortly thereafter.

¶3            After the parties appeared for conciliation services in February 2019, Wife responded to Husband's petition and moved the court to approve the Agreement.  Without waiting for a response, the trial court granted Wife's motion.

¶4            Five months later, Husband moved to set aside the Agreement.  He argued he had been coerced into signing the Agreement and signed it without fully understanding its contents or legal effects.  He also claimed the Agreement unfairly divided the parties' assets.

¶5            The trial court combined an evidentiary hearing on Husband's motion with the trial on the dissolution.  It provided an interpreter for both parties.  After the trial, the court denied Husband's motion to set aside the Agreement, entered a decree of dissolution, and awarded Wife $10,000 in attorneys' fees and costs.  Husband timely appealed.

¶6            We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶7         Husband argues the trial court erred by approving the Agreement because evidence showed that Husband did not understand the Agreement and the Agreement was incomplete.  He argues he was deprived of a fair trial; testimony by the parties' daughter was improper; the court erred in ordering reimbursement for community waste; and the court erred by awarding Wife her attorneys' fees.

I.         Whether Husband was deprived of a fair trial.

¶8         Husband contends he was deprived of a fair trial because the court-appointed interpreter did not adequately interpret the proceedings.  He further argues the trial court abused its discretion by limiting his testimony and claims that the record clearly shows he did not understand the proceedings.  *See* Ariz. R. Evid. 611(a).

¶9         The Fourteenth Amendment "entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Curtis v. Richardson*, 212 Ariz. 308, 312, ¶ 16 (App. 2006).  Consistent with that principle, the trial court provided a Vietnamese interpreter so that Husband and Wife could understand the proceedings.

¶10         Husband points out that the court had to interrupt the testimony of the parties' daughter when it noticed that the interpreter did not appear to be interpreting her testimony.  But on that occasion, the court properly ordered questioning of the daughter to start again from the beginning, directed the interpreter to interpret her testimony, and stated it would disregard the daughter's previous testimony.  Husband raised no objection at trial to the interpreter's performance, and on appeal, he does not cite any testimony that should have been interpreted but was not.

¶11         Husband also argues the court several times "cut off" his testimony.  But the transcript shows that on those occasions, the court was exercising its discretion to prevent Husband from testifying about unrelated topics or continuing to speak when there was no question before him.  Thus, the court acted well within its duty and discretion under Arizona Rule of Evidence 611.  *See* Ariz. R. Evid. 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; [and] (2) avoid wasting time . . . .").

¶12         Husband, who represented himself at trial, further argues he did not properly understand the nature of the proceedings and the

applicable rules. Unrepresented litigants are held to the same standards as attorneys. *Flynn v. Campbell*, 243 Ariz. 76, 83-84, ¶ 24 (2017). Further, although Husband complained during the trial that he was confused, in the court's written ruling, it expressly rejected his contention that he did not fully understand the proceedings. "We do not reweigh evidence or determine the credibility of witnesses." *Clark v. Kreamer*, 243 Ariz. 272, 276, ¶ 14 (App. 2017) (quoting *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 92, ¶ 36 (App. 1998)).

**¶13** For these reasons, we conclude Husband was not deprived of a fair trial on the decree and was not deprived of a fair hearing concerning his motion to set aside the Agreement.

II.     Whether the trial court erred by approving the Agreement.

**¶14** Husband next argues the trial court erred by approving the Agreement before Wife filed her response to the dissolution petition. The record is to the contrary. Wife's attorney filed a response to Husband's petition on March 29, 2019, and the court approved the Agreement nearly two months later, on May 20, 2019.

**¶15** He also contends that because the parties signed the Agreement before Wife filed her response to his petition, the Rules of Family Law Procedure did not apply to the Agreement. Husband's argument fails because the Rules apply to all family law cases, and Husband initiated a family law case when he filed his petition for dissolution. *See* Ariz. R. Fam. Law P. ("ARFLP") 1, 23.

**¶16** Husband further argues, citing A.R.S. § 25-317 and *Sharp v. Sharp*, 179 Ariz. 205 (App. 1994), that the court erroneously concluded the Agreement was fair and equitable and that the court failed to consider the property that was given to the parties' children.

**¶17** A Rule 69 "agreement is presumed valid, and a party who challenges its validity has the burden to prove any defect." ARFLP 69(c). "[T]he terms of [a] separation agreement . . . are binding on the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unfair." A.R.S. § 25-317(B). Although several cases—including *Sharp*— have stated in dicta that a separation agreement is binding unless the court finds the agreement "unfair or inequitable," § 25-317 does not use the term equitable. *See Buckholtz v. Buckholtz*, 246 Ariz. 126, 131, ¶ 18 (App. 2019). "Accordingly, when a separation agreement is presented to the superior court under

A.R.S. § 25-317, the court's obligation is to determine whether the agreement is 'unfair.'" *Id.* (quoting A.R.S. § 25-317(B)).

¶18 We conclude the court did not abuse its discretion by finding the Agreement fair and approving it. Although Husband argues the Agreement is not fair because it did not take into account property the parties gave to their children, the record does not support this assertion. The Agreement itself acknowledged that the parties had already transferred the property to their children, a fact Husband admitted at trial. Additionally, contrary to Husband's assertion, the court expressly found that the Agreement was fair.

¶19 Finally, Husband argues the court should have set aside the Agreement because of "confusion and uncertainty along the way the Agreement was executed" and because it did not address the parties' retirement and other financial accounts. But testimony at trial established that the parties' daughter drafted the Agreement in close cooperation with Husband, and that she had urged Husband to include the retirement accounts in the Agreement, but that he intentionally omitted the accounts because "[h]e said they were about the same, and they weren't important." Further, testimony also established that the Agreement had been explained to Husband in English and Vietnamese multiple times in front of witnesses and notaries. Based on the foregoing, the court did not err by approving the Agreement and denying Husband's motion to set it aside.

III. Whether admission of the parties' daughter's testimony was proper.

¶20 Husband next argues the parties' daughter practiced law without a license when she helped him prepare the Agreement. Rule 69, however, does not require that a lawyer prepare an agreement subject to the rule. *Cf. Fowler v. Fowler*, 1 CA-CV 14-0361, 2015 WL 410594, at *2, ¶ 13 (Ariz. App. Jan. 27, 2015) (mem. decision) (concluding email between the parties, without the input of counsel, was a binding enforceable Rule 69 agreement).

¶21 Husband further asserts the court erred by allowing the daughter to testify because she was "clearly biased" in favor of Wife. Judging the credibility of witnesses is the province of the trier of fact. *Pugh v. Cook*, 153 Ariz. 246, 247 (App. 1987). Similarly, although Husband argues the court improperly allowed the daughter to testify about her opinions, the transcript does not support this assertion.

IV.     Whether the court erred by ordering reimbursement for community waste.

¶22        Husband next argues the trial court erred by ordering him to reimburse Wife for community waste because the only evidence of waste was his daughter's testimony.

¶23        "When the court determines one spouse has wasted or dissipated marital assets, it may apportion the community property in a manner designed to compensate the other spouse for the waste." *Helland v. Helland*, 236 Ariz. 197, 201, ¶ 17 (App. 2014). "The spouse alleging waste must make a *prima facie* showing to support his or her claim; the other spouse then bears the burden to demonstrate the absence of waste." *Id.*

¶24        Again, the record does not support Husband's assertion. Although the parties' daughter testified about the amount Husband had spent on his mistress, the court also admitted financial records supporting the daughter's testimony. Husband did not object to the records, and in fact admitted he gave his mistress gifts, sent her money, and spent community funds to travel to see her. Accordingly, the trial court did not err by ordering reimbursement for community waste.

V.     Whether the court erred by awarding attorneys' fees.

¶25        Husband finally argues the trial court erred by ordering him to pay Wife $10,000 in attorneys' fees. He complains the award was substantively unfair and the amount of fees were excessive.

¶26        "The court . . . after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding . . . ." A.R.S. § 25-324(A).

¶27        The trial court based its fee award on finding that Husband acted unreasonably in the litigation, and the record supports this finding. As the court found, Husband was delinquent in responding to discovery requests, requiring Wife to issue several subpoenas to obtain information on Husband's financial accounts. Further, Husband took unreasonable trial positions, including that the parties' marriage certificate was fake and the parties were not married.

¶28      Further, the amount of attorneys' fees and costs was supported by documentation and properly assessed by the court. *See* A.R.S. § 25-324; *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 188-89 (App. 1983). Wife requested $19,560.77 in fees and costs, but, after receiving Husband's response to Wife's request, the court awarded Wife only $10,000.

¶29      The court did not abuse its discretion by awarding Wife her attorneys' fees and costs.

VI.     Attorneys' fees on appeal.

¶30      Husband requests an award of his attorneys' fees and costs pursuant to ARCAP 21 and A.R.S. §§ 12-341 and 25-324. Wife also requests an award of her fees and costs pursuant to ARCAP 21 and A.R.S. § 25-324. In an exercise of our discretion, we award Wife her reasonable fees and costs upon her compliance with ARCAP 21.

**CONCLUSION**

¶31      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA