NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

MITCHELL GENE REYNOLDS, *Petitioner/Appellee*,

*v.*

TAMARA LYNN WALKER, *Respondent/Appellant*.

No. 1 CA-CV 22-0711 FC
FILED 8-22-2023

Appeal from the Superior Court in Yavapai County
No. P1300DO202200152
The Honorable Cele Hancock, Judge

**AFFIRMED IN PART; REMANDED IN PART**

APPEARANCES

Mitchell Gene Reynolds, Prescott Valley
*Petitioner/Appellee*

Tamara Lynn Walker, Prescott Valley
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the Court's decision, in which Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**W I L L I A M S**, Judge:

**¶1**        Tamara Walker ("Wife") appeals two provisions of the superior court's divorce decree: (1) the denial of her request for spousal maintenance and (2) the division of community debt. For the following reasons, we affirm the denial of spousal maintenance but remand the issue of a specific debt to allow the court to assign the remaining debt equitably between the parties.

**FACTUAL AND PROCEDURAL HISTORY[1]**

**¶2**        Wife and Mitchell Reynolds ("Husband") married in 2007 and divorced in 2022 (though they had been together for more than four decades, have adult children together, and grandchildren). During the marriage, Husband was the primary breadwinner—working construction as a self-employed subcontractor installing marble. Wife worked for the State of Arizona for about a decade until she qualified for and began receiving Social Security Disability Insurance ("SSDI") benefits in 2012.

**¶3**        Before trial, the superior court awarded Wife temporary spousal maintenance of $600.00 monthly. Two months later, Husband was diagnosed with Parkinson's disease and stopped working.

**¶4**        At trial, Husband opposed Wife's request for continued spousal maintenance, testifying that the Parkinson's disease prevented him from working as a marble installer. Husband said that he "want[ed] to work" and had applied for a job driving "RVs back and forth" but had not yet heard back. He also testified that Wife was "as capable [of working] as [him]," just "in a different field" like "computer work" because Wife had "been doing a lot of computer work with [Husband's] accounts."

---

[1] Though Father did not file an answering brief, in our discretion we decline to regard this as a concession of error. *Thompson v. Thompson*, 217 Ariz. 524, 526, ¶ 6 n.1 (App. 2008)

¶5        Wife testified that, besides her SSDI benefits, she earned $100 weekly babysitting her grandkids. With the grandkids starting back at school, however, Wife wasn't sure how her income might change. When asked by the court whether she could work part-time, Wife stated, "I don't think so. I really don't." Later in the trial, the court pressed the issue, and Wife responded, "I mean, I—I could probably try." As for Husband's ability to work with his recent Parkinson's diagnosis, Wife testified that "with [Husband's] experience on his job that he could get a—like a supervisor . . . project manager [position or] something like that."

¶6        The superior court found that Wife was eligible for spousal maintenance under A.R.S. § 25-319(A)(1) (lacking "sufficient property . . . to provide for" her "reasonable needs") but decided against any award because of Husband's "Parkinson's disease, which will preclude him from earning income in the marketplace," and because "Wife has earning ability sufficient to support herself."

¶7        As for community debt, the court determined it was "unclear" which debts were incurred during the marriage and, therefore, treated all debts as community debt. The court chose not to divide the delinquent debts that had gone to collections. But of the remaining community debts, the court ordered that "both parties are equally responsible" and that Wife provide Husband with all necessary information for him "to pay one-half the payments . . . each month until the debt[s] [are] paid off."

¶8        Wife timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

*I.        Spousal Maintenance*

¶9        We review the superior court's denial of spousal maintenance for an abuse of discretion and will affirm the decision if reasonable evidence supports it. *Helland v. Helland*, 236 Ariz. 197, 202, ¶ 22 (App. 2014).

¶10        A court may award maintenance to either spouse after following a two-step process. First, the court must determine whether the requesting spouse is eligible for an award by analyzing five eligibility factors listed in A.R.S. § 25-319(A). The court considers each factor as it applies to the spouse requesting maintenance. *In Re Marriage of Cotter and Podhorez*, 245 Ariz. 82, 85, ¶ 7 (App. 2018). If the court determines the

requesting spouse is eligible for maintenance, the court then considers the factors in A.R.S. § 25-319(B) to determine whether the spouse is entitled to an award, including the amount and duration of the award. *Id.*; *see also Sherman v. Sherman*, 241 Ariz. 110, 114, ¶ 17 (App. 2016); *Helland*, 236 Ariz. at 203, ¶ 28. The court need not consider every factor under A.R.S. § 25-319(B), but neglecting to consider relevant factors can constitute an abuse of discretion. *Rainwater v. Rainwater*, 177 Ariz. 500, 502 (App. 1993).

¶11 Here, the court determined that Wife was eligible for spousal maintenance under A.R.S. § 25-319(A)(1) because she lacked sufficient property, including property apportioned to her, to provide for her reasonable needs. The court also, apparently, considered Father's eligibility for an award because the court found that "there is little property to be divided between [both] parties" and that "[n]either party ha[d] any property that would provide any passive income to either of them to assist in providing for their reasonable needs." Record evidence supports the court's finding as to both parties.

¶12 Despite Wife's eligibility for spousal maintenance, the court determined Wife was not entitled to an award. And while the court made no express findings under A.R.S. § 25-319(B), it impliedly considered at least some factors it was required to when it found (1) that Husband's Parkinsons' disease "preclude[d] [him] from earning his previous salary," from continuing "in his current profession," or even "from earning income in the marketplace," and (2) that "Wife ha[d] earning ability sufficient to support herself." The court impliedly considered at least the following factors under A.R.S. § 25-319(B): subsection (B)(4) directing courts to consider the "ability of the spouse from whom maintenance is sought to meet that spouse's needs while meeting those of the spouse seeking maintenance"; subsection (B)(5) considering the "comparative financial resources of the spouses, including their comparative earning abilities in the labor market"; and subsection (B)(9) considering the "financial resources of the party seeking maintenance, including marital property apportioned to that spouse, and that spouse's ability to meet that spouse's own needs independently."

¶13 Husband and Wife presented conflicting evidence on these factors, and the superior court seemingly found Husband more credible. Because "[w]e defer to the superior court's 'determination of witnesses' credibility and the weight to give conflicting evidence," *Nia v. Nia*, 242 Ariz. 419, 423-24, ¶ 14 (App. 2017), on this record, Wife has not shown that the court abused its discretion.

*II.     Community Debts*

**¶14**          Wife also argues that the superior court erred in dividing community debts. Any debt obtained by one spouse during marriage is presumed to be community debt. *Hammett v, Hammett*, 247 Ariz. 556, 562, ¶ 29 (App. 2019). We review the division of community debts for an abuse of discretion. *Id.* at 559, ¶ 13. A court abuses its discretion when its findings lack support from evidence in the record. *Brucklier v. Brucklier*, 253 Ariz. 579, 582, ¶ 10 (App. 2022).

**¶15**          Wife specifically challenges the court's determination that a debt from the West Yavapai Guidance Clinic ("WYGC") was in collections and, consequently, not assigned to either party by the court. At trial, Wife testified she incurred the WYGC debt in 2018 and stated that she was still making payments at the time of trial. No contrary evidence was presented. Thus, nothing in the record supports the court's determination that this debt was in collections. To the contrary, the only evidence presented was that the monthly debt payments were current and that the debt was incurred during the marriage. The court should have equitably assigned the debt to one or both parties. Failing to do so constituted an abuse of discretion. We therefore remand the matter to the superior court to treat the WYGC debt as a community debt and assign the remaining obligation between the parties equitably.

## CONCLUSION

**¶16**          We affirm the superior court's denial of spousal maintenance. We remand the issue of the WYGC debt to allow the court to assign the remaining debt equitably between the parties.



AMY M. WOOD • Clerk of the Court
FILED:     AA

5