NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JESSICA H. JARES, *Petitioner/Appellee*,

*v.*

BRANDON HARTMAN, *Respondent/Appellant*.

No. 1 CA-CV 16-0435 FC
FILED 5-4-2017

Appeal from the Superior Court in Maricopa County
No. FC2015-006937
The Honorable Suzanne E. Cohen, Judge

**AFFIRMED**

COUNSEL

Bert L. Roos, Phoenix
*Counsel for Respondent/Appellant*

The Murray Law Offices, Scottsdale
By Stanley David Murray
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Chief Judge Michael J. Brown and Judge Maurice Portley joined.[1]

_____

**O R O Z C O**, Judge:

¶1            Brandon Hartman (Father) appeals the family court's order of child support.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            Father and Jessica Jares (Mother) are the parents of two minor children.  Mother filed a petition to establish legal decision-making authority, parenting time, and child support in August 2015.  Father responded, asserting that no child support was necessary because the parents share equal parenting time.

¶3            The matter was set for a resolution management conference in January 2016.  Mother filed a proposed resolution statement and noted that Father had not disclosed the financial information necessary for calculating the proposed child support.  Father did not file a proposed resolution statement.

¶4            At the resolution management conference, the parties agreed to paternity, joint legal decision-making, and equal parenting time; the issue of child support was set for trial.  The court directed Mother's counsel to prepare a stipulated judgment and order based on the agreement of the parties.

¶5            In March 2016, Mother filed a motion to set trial regarding child support, and asserted Father had failed to disclose his financial information and she had served him with formal discovery requests.  The family court then issued an order directing both parties to exchange and bring to court certain financial information necessary for determining child

_____

[1]      The Honorable Patricia A. Orozco and Honorable Maurice Portley, Retired Judges of the Court of Appeals, Division One, have been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

support. The order specified that disclosure of the financial information for the past three years was to be exchanged at least two week before trial.

¶6        Mother provided her financial disclosure with attachments, but Father's financial information affidavit was incomplete and did not include recent pay stubs or income tax information.

¶7        Mother submitted a pretrial statement one week before trial and again noted that Father failed to comply with the court's order regarding his financial disclosure. In addition, Mother included a request that child support be determined retroactively to the date of the parents' separation, September 2013. Father did not file a pretrial statement or comply with the court's order.

¶8        Both Mother and Father testified at the child support hearing. Mother submitted documentation that Father was earning approximately $75,000 per year based upon his deposits of over $100,000 in 2015 and estimated expenses consistent with Father's 2014 tax return. Father disagreed with this calculation and testified that he earns approximately $3,300 to $3,400 per month and that "my bank statements reflect a lot of money, but it's not my money. It's money that I have to give to other people." He explained that as a remodeler, "I get a check from a customer. It costs me money for the cabinet guy, the glass guy, the flooring guy." Father did not present any financial information for consideration during trial.[2]

¶9        The family court found that Father would be attributed the sum of $6,000 per month as income, resulting in child support of $455.18 per month beginning June 1, 2016. The court also ordered Father to pay past child support from September 2013, the date of separation, until May 2016. Because Father failed to present any evidence of his past earnings, the court attributed the same $6,000 per month as Father's monthly income, resulting in arrearages of $12,571.20.

---

[2]        Father attempted to admit what was marked for identification as Exhibit 19 into evidence, but the court sustained an objection based on Father's untimely disclosure.

¶10            Father timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101.A.1.[3]

**DISCUSSION**

¶11            Father argues the family court abused its discretion by "ignoring the evidence, assuming facts not in evidence, and attributing income to [Father] greater than supported by the evidence in calculating current child support."  We review an award of child support for an abuse of discretion.  *Cummings v. Cummings*, 182 Ariz. 383, 385 (App. 1994) ("An award of child support is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.").  An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is "devoid of competent evidence to support" the decision.  *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (internal quotations and citation omitted).

¶12            In calculating child support, the Arizona Child Support Guidelines, A.R.S. § 25–320, require a court to consider the gross income of each parent—"the actual money or cash-like benefits received by the household which is available for expenditures." *Cummings*, 182 Ariz. at 385.

¶13            In this case, the court ordered all discovery and disclosures completed by May 6, 2016.  Despite repeated requests from Mother for Father's financial information and records, Father only disclosed the following to Mother:  (1) a 1099 for 2015 in the amount of $4,635; (2) a "Transaction Detail for Point One Construction, Inc.," which indicated Father was compensated $39,411; and (3) a portion of Father's 2014 tax documents.  Mother already had in her possession Father's bank records, including his 2015 deposit history indicating net total deposits of $101,096.44, or an average of $8,424.70 per month.  At trial, however, Father testified that he only makes about $3,300 to $3,400 per month.  The court considered Father's argument that he only earns $3,400 per month, but noted that the only evidence offered to support his claim, "was his testimony."

¶14            Father argues the court erred by using the 2014 tax information to estimate his 2015 expenses; however, he failed to submit any

_____

[3]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

evidence of his 2015 expenses, and testified he had neither prepared nor disclosed his 2015 tax documents.[4] The court, like Mother's pretrial statement, had to use the 2014 return as guidance for his expenses. Accordingly, because Father knew his income and expenses would be used to calculate child support, but failed to provide current information of income or expenses, or failed to object to Mother's pretrial statement, the court did not abuse its discretion by admitting and relying on the exhibits Mother presented to attribute income to him.[5]

¶15        Father next argues that the family court abused its discretion by calculating retroactive child support prior to the filing of the petition because Mother did not make that request in the petition and there was insufficient evidence for an accurate calculation. Father, however, did not argue lack of notice on the issue of retroactive child support to the family court. We will not examine an issue first raised on appeal. *Cullum v. Cullum*, 215 Ariz. 352, 355 n.5, ¶ 14 (App. 2007). Consequently, we find no abuse of discretion.

¶16        Further, Mother raised the issue in her pretrial statement, asserting that "Father has not provided Mother with any consistent financial support for the minor children since the parties' separation in 2013 . . . . Therefore, pursuant to A.R.S. § 25-320.C. Mother asserts an order of past support is due . . . . Mother seeks past support for a period of three years, in addition to the entry of an order for Father's current obligation." As a result, Father had notice that Mother was seeking to recover past child support, and did not raise any objection in the family court. *See Leathers v. Leathers*, 216 Ariz. 374, 378, ¶19 (App. 2007) ("The pretrial statement controls the subsequent course of the litigation." (internal quotations and citation omitted)); *see also Nold v. Nold*, 232 Ariz. 270, 274, ¶20 (App. 2013) (deciding where separate pretrial statements are filed, trial court can rule on an issue so long as it is presented in one of the parties' pretrial statements).

¶17        Finally, Father failed to present any evidence about his income between the separation of the parties and the filing of the petition.

---

[4]        Father's tax documents for the past three years were ordered to be produced by the court, but were not attached to his Affidavit of Financial Information, or admitted at trial.

[5]        Father argues that the court erred by refusing to consider Father's Affidavit of Financial Information but the affidavit contained no supporting documentation, and was not offered or admitted into evidence at trial.

As a result, the court did not abuse its discretion by determining Father's attributed gross income to calculate past child support pursuant to A.R.S. § 25-320.C.

**CONCLUSION**

**¶18** For the foregoing reasons, we affirm. Both parties request attorneys' fees on appeal pursuant to A.R.S. § 25–324. In the exercise of our discretion, we deny their requests. As the prevailing party, Mother is entitled to her taxable costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

6