NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JYME SUE SHEPPARD, *Petitioner/Appellee*,

*v.*

MARK MCLAREN, *Respondent/Appellant*.

No. 1 CA-CV 23-0006 FC
FILED 10-26-2023

Appeal from the Superior Court in Maricopa County
No. FN2020-002303
The Honorable Max Covil, Judge

**VACATED IN PART AND REMANDED**

COUNSEL

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire & Alexandra Sandlin
*Counsel for Petitioner/Appellee*

Jeffrey G. Pollitt, P.C., Phoenix
By Jennika N. McKusick & Jeffrey G. Pollitt
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge D. Steven Williams and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

¶1        Mark McLaren ("Husband") appeals the spousal maintenance award to Jyme Sue Sheppard ("Wife") in the decree dissolving their marriage. Because the superior court erred when determining how much Wife would receive from her pension, overlooked the interest income available to Wife from her retirement accounts, and made contradictory findings about Wife's ability to work, we vacate the spousal maintenance award and remand for further consideration.

## FACTS AND PROCEDURAL BACKGROUND

¶2        The parties married in 2001 and have no minor children. Wife worked in the transportation industry for over twenty years. Most recently, she was the Valley Metro Chief of Staff and retired in 2016. The couple agreed that Wife should retire because she was fully vested in her Arizona State Retirement System ("ASRS") pension, and her superior had been convicted of fraud. Wife's new superior decided to replace the leadership team, including Wife, even though she was not involved in the fraud. Husband also works in the transportation industry, earning over $350,000 annually, including regular bonuses.

¶3        Wife petitioned for dissolution in May 2020. During the 2022 trial, Wife was 59 years old, and Husband was 60. Wife requested a spousal maintenance award of $6,000 monthly for ten years. Husband argued that Wife was not eligible for spousal maintenance because she could return to work and had sufficient property to meet her reasonable needs. The superior court awarded Wife $6,000 monthly for six years and $3,000 monthly for the next three years.

¶4 Husband appealed from the decree and the order granting his post-decree motion to alter or amend in part.[1] We have jurisdiction under A.R.S. § 12-2101(A)(1) and (2).

## DISCUSSION

¶5 Husband concedes that Wife was eligible for spousal maintenance under A.R.S. § 25-319(A)(4) but argues that Wife was not entitled to a spousal maintenance award because her earning ability and property are enough to provide for her expenses. We review a spousal maintenance award for an abuse of discretion, viewing the evidence in the light most favorable to upholding the award. *Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 9 (App. 2007). We will affirm if reasonable evidence supports the award. *Id.*

**A.    The Superior Court Erred by Finding that Wife's Pension Income Will Decrease After the Divorce.**

¶6 Considering Wife's financial resources and ability to meet her needs independently, *see* A.R.S. § 25-319(B)(9), the superior court found that Wife receives a monthly pension from ASRS. Her gross monthly pension payment is $8,054, from which she nets $6,791. At the trial, Wife asked to have ASRS pay Husband his share of the community portion of her monthly pension and opposed Husband's request that the court value his interest in her pension using the present cash value method. Under the present cash value method, the employee spouse receives a free and clear interest in the pension, and the non-employee spouse's interest is paid in a lump sum, "either offset with other community property or bought out by the employee spouse[.]" *Koelsch v. Koelsch*, 148 Ariz. 176, 183 (1986).

---

[1] The superior court entered the dissolution decree under Arizona Rule of Family Law Procedure 78(b) and found there was "no just reason to delay making a final order" despite outstanding issues. The court entered its ruling on Husband's motion to alter or amend the decree under Arizona Rule of Family Law Procedure 78(c) and found that "[n]o further claims or issues remain[ed] for the Court to decide." We note the inconsistencies in the court's assessment of this case's finality but treat the court's post-judgment ruling as affirming the dissolution decree's appealable issues.

¶7            As Husband requested, the superior court used the present cash value method to divide Wife's pension.[2] The court found the present cash value of the community portion of Wife's pension was $1,102,597. Awarding Husband that amount under the present cash value method means that Wife will continue to receive her full monthly pension, but Husband's share must be paid from Wife's portion of the remaining retirement assets or other property. *See Koelsch*, 148 Ariz. at 183. Yet the court found that Wife's net pension income will "drop to below $5,000 per month after Husband receives his share of Wife's [ASRS] pension." Wife acknowledges this was incorrect because the court used the present cash value method when dividing her pension.

¶8            The superior court found that Wife's monthly expenses ranged from $9,000 to $10,500. Based on the incorrect finding that Wife's pension income would drop below $5,000 per month, the court found that Wife had a shortage of $5,700 per month. Thus, the $6,000 monthly spousal maintenance award was based on an incorrect factual premise. Wife's pension income will remain the same, but as noted above, she will have to pay Husband his share ($551,298.50, representing half of the $1,102,597 present cash value) from other assets. *See Koelsch*, 148 Ariz. at 183.

¶9            Wife argues that we can affirm the award despite this error because the superior court could consider other expenses supporting its finding that she had a shortage. For example, she will have to take out a line of credit costing $2,000 monthly to pay Husband $200,000 for the real property equalization payment. According to Wife, her expenses justify the award even using the correct pension income.

¶10           But the superior court found that Wife had up to $10,500 in monthly expenses. Wife's position would require us to infer that the court found that Wife had even more expenses than $10,500. But we cannot disregard the court's express finding that Wife's reasonable expenses ranged from $9,000 to $10,500 monthly. *See Thomas v. Thomas*, 142 Ariz. 386, 390 (App. 1984) (We infer findings only if they do not conflict with the court's express findings and if the record supports the inferences.). Given

---

[2]      The court granted Husband's request to "[a]mend the [d]ecree to reflect the correct present cash value (*the actuarial current value*) of the community portion of the ASRS Plan—$1,102,597—and award one-half of this value to Husband as an offset against his vested and mature retirement account[.]" But the court did not specify how Wife would pay the amount. On remand, the court must account for how Wife is to pay.

the incorrect finding about Wife's pension income, the stated reason for the spousal maintenance award—Wife's $5,700 monthly shortage—does not support the ruling. We vacate the spousal maintenance award and remand for the court to reconsider using Wife's correct pension income.[3]

**B.      The Superior Court Failed to Consider Any Interest-Earning Potential of Wife's Non-Pension Retirement Accounts.**

¶11      To determine Wife's income, the superior court only considered Wife's pension income. But the court found that Wife will receive over $1 million in retirement funds and an unspecified amount when Husband's deferred compensation plan becomes payable. Husband argues this was error. We agree.

¶12      The superior court must consider all property able to produce income, including interest on retirement accounts, when the spouse requesting support can do so without penalty. *See Deatherage v. Deatherage*, 140 Ariz. 317, 320 (App. 1984); *Driss v. Driss*, 1 CA-CV 18-0243 FC, 2019 WL 544495, at *4, ¶¶ 16-17 (Ariz. App. Feb. 12, 2019) (mem. decision). Given Wife's age, she can receive the interest income from the retirement accounts without penalty and only pay taxes. The court failed to consider the income-earning potential of the retirement assets awarded to Wife. *See* A.R.S. § 25-319(B)(9).

¶13      Wife argues the superior court did not abuse its discretion because there was no evidence showing the rate of return on these retirement assets or the tax consequences of receiving the interest income. But statements from Wife's retirement accounts showed gains over the last quarter of 2021. Wife's financial expert also testified that a moderate growth rate was five to seven percent. Wife received substantial assets with a demonstrated income-producing history, which the court disregarded. The court can attribute an appropriate rate of return on the retirement assets without defying *Wineinger v. Wineinger*, 137 Ariz. 194, 198 (App. 1983), because Wife need not dissipate the principal investment. Because the interest earned on Wife's retirement accounts is a financial resource available to Wife without penalty, the court erred by not considering it absent an express finding about why it would be inappropriate to do so. *See*

---

[3]      Husband also disputes some of Wife's claimed expenses, but the amount still fell within the court's $9,000 to $10,500 range. In any event, because we remand for further consideration, Husband can present his argument to the superior court.

*Kelsey v. Kelsey*, 186 Ariz. 49, 53 (App. 1996); *accord* A.R.S. § 25-319 app. ("Spousal Maintenance Guidelines") § III.C.1.c, available at https://www.azcourts.gov/familylaw/Child-Support-Family-Law-Information/Spousal-Maintenance-Guidelines ("When considering the property's income potential, the court may attribute a four percent rate of return unless rebutted.").

**¶14**        Because the superior court erred when determining Wife's pension income and overlooked the interest earned on the retirement accounts, we vacate the spousal maintenance award and remand for further consideration. On remand, the superior court must also consider that Wife's non-pension retirement assets will be reduced by the amount required to equalize Husband's share of Wife's pension.

**C.        The Superior Court's Findings About Wife's Income from Employment Are Unclear.**

**¶15**        When calculating a spousal maintenance award, a court must consider the requesting spouse's earning ability. *See* A.R.S. § 25-319(B)(3), (5), (9). Although Wife had been retired for six years, Husband asserted that she could return to work and earn enough to provide for her needs. We review whether the court may attribute income to a spouse and what factors to apply *de novo*. *Pullen v. Pullen*, 223 Ariz. 293, 295, ¶ 9 (App. 2009). But we review whether the court properly applied those factors for an abuse of discretion. *Id.*

**¶16**        When considering Wife's spousal maintenance eligibility, the superior court found that Wife could work part-time to supplement her income. *See* A.R.S. § 25-319(A)(2). When considering whether Wife was entitled to spousal maintenance, the court found that the parties agreed that Wife would retire because she was fully vested in her ASRS pension. The court detailed Wife's position about her employability but neither accepted nor rejected her arguments. And the court failed to state how much Wife could earn working part-time. In fact, when addressing Wife's financial resources, *see* A.R.S. § 25-319(B)(9), the court only included Wife's pension income.

**¶17**        It is unclear how Wife's part-time employability factored into the superior court's conclusion that Wife was entitled to $6,000 per month for six years and $3,000 per month for the next three years. On remand, the court must clarify its findings about Wife's earning potential.

**ATTORNEY'S FEES AND COSTS**

**¶18**        Husband and Wife request attorney's fees on appeal under A.R.S. § 25-324. Per our discretion, we award Wife her reasonable attorney's fees on appeal based on Husband's greater financial resources. *See* A.R.S. § 25-324(A). Husband is the successful party on appeal and is entitled to costs under A.R.S. § 12-342 upon compliance with ARCAP 21.

**CONCLUSION**

**¶19**        We vacate the spousal maintenance award and remand for further consideration consistent with this decision. We affirm the rest of the decree.

